369 So.2d 418 (1979)
Mary HEREDIA, Appellant,
v.
SAFEWAY TRAILS, INC., Tamiami Trail Tours Inc., Continental Trailways, Inc., Liberty Mutual Insurance Company and James Daniel Akridge, Appellees.
No. 78-977.
District Court of Appeal of Florida, Third District.
April 3, 1979.
*419 Thomas W. Kenworthy, South Miami, Paul E. Gifford, Coral Gables, for appellant.
Richard E. Hardwick, Coral Gables, Greene & Cooper and Marc Cooper, Miami, for appellees.
Before SCHWARTZ, J., and CHARLES CARROLL (Ret.) and EZELL, BOYCE F., JR., (Ret.), Associate Judges.
PER CURIAM.
This appeal is by the plaintiff below from an order which dismissed her amended complaint on the ground that the action was barred by the statute of limitations.
On March 12, 1972, the plaintiff Mary Heredia purchased a ticket for transportation from Miami to New York, N.Y., on Continental Trailways bus. The ticket was in writing, was designated "Contract"; showed issuance at Miami, Florida, by Continental Trailways; contained certain identifying numbers; and specified travel from Miami, via Fayetteville, N.C., and Richmond, Va., to New York N.Y. It was alleged that while plaintiff was a passenger on such bus being transported towards her designated destination on March 12, 1972, said transportation contract was breached when the bus was so driven that it left the *420 highway and ran into a canal, with the result that plaintiff thereby suffered certain permanent injuries.
Her action was commenced on March 10, 1977, two days less than five years from the date of the alleged breach of contract from which her injuries resulted. By the time the action was filed, the statute of limitations had run for an action in tort. However, the plaintiff had the election to sue in contract. Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41 (1947).
The determinative question is whether this contract action is controlled by the statute of limitations provision of four years for an action on an oral contract,[1] or the provision of five years for "[an] action on a contract, obligation, or liability founded on a written instrument."[2] The trial court dismissed the action on the theory that it was based on an oral rather than a written contract.
We hold that in so ruling the trial court was in error. The plaintiff passenger was travelling on a written contract for her transportation from Miami to New York, N.Y. The wrecking of the bus en route, with resultant injury to the passenger, represented a breach of contract of transportation. The plaintiff's action for damages for alleged breach of the contract was a legal action on the contract and for a liability founded on said written instrument, and therefore was timely filed.
A written instrument may have legal effect beyond its actual words, resultant upon its wording and purpose. It must be considered to embody obligations which legally are to be implied from its wording and the relationship of the parties, and obligations thereunder that are implied by law, although not actually specified therein, are legal obligations founded on the contract, which in this instance was a written contract. McGill v. Cockrell, 88 Fla. 54, 101 So. 199, 201 (1924); Sharp v. Williams, 141 Fla. 1, 192 So. 476, 480 (1939); Wilcox v. Atkins, 213 So.2d 879, 882 (Fla.2d DCA 1968).
It is elemental that a contract of a common carrier to transport a passenger to a given destination imposes on the carrier an obligation to transport the passenger to his destination in a reasonably safe manner. The appellees argued that because the written contract did not contain language specifying that the carrier is so obligated, an action claiming breach of such obligation of safe carriage is not one that is founded on the written contract represented by the ticket, but is a claim based on a separate oral contract for safety in travel. With that contention of the appellees, we cannot agree. As stated in McGill v. Cockrell, supra, "what the law implies, from the relation of parties created by an express agreement is as much a part of the contract as that which is expressed." Where a written contract is such as legally to create such obligation, an action charging breach of the obligation is an action predicated on the written contract.
"A contract must create legal obligations." Kislak v. Kreedian, 95 So.2d 510, 515 (Fla. 1957). In Wilcox v. Atkins, supra, the court said:
"This written instrument is to be given legal effect, and to give it effect, the courts must consider it as embodying all the legal obligations implied from its language. Here, it should be noted that a contract includes not only the things written, but also terms and matters which, though not actually expressed, are implied by law, and these are as binding as the terms which are actually written. McGill v. Cockrell, Fla. 1924, 88 Fla. 54, 101 So. 199; and Sharp v. Williams, Fla. 1939, 141 Fla. 1, 192 So. 476.
"In this regard, the law imported into a contract does not create an independent agreement, but makes the instrument itself express the full agreement of the parties. * * *"
Here the obligation, the alleged breach of which is the basis of this action, was one legally created by the written instrument, *421 and it is upon the latter that this action was based, with the result that the five-year statute of limitations was applicable, and the action was timely filed.
The order of dismissal is reversed, and the cause remanded for further proceedings.
NOTES
[1] § 95.11(3)(k), Fla. Stat. (1975).
[2] § 95.11(2)(b), Fla. Stat. (1975).