438 So.2d 978 (1983)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, and Seaboard Coast Line Railroad Company, a Virginia Corporation, Appellants,
v.
METROPOLITAN DADE COUNTY, Miami Shores Village, City of Hialeah, and City of Miami Springs, Appellees.
No. 82-1732.
District Court of Appeal of Florida, Third District.
October 11, 1983.
*979 Goodwin, Ryskamp, Welcher & Carrier and Arthur M. Simon, Miami, for appellants.
Robert A. Ginsburg, County Atty., and Peter S. Tell, Asst. County Atty., William F. Fann, Jr., Richard W. Gross, Weintraub, Weintraub, Seiden, Dudley & Press and Robert D. Orshan, Miami, for appellees.
Jack R. Rice, Jr., Miami, for The Dade County League of Cities, Inc., as amicus curiae.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
Appellants Florida East Coast Railway Company and Seaboard Coast Line Railroad Company seek review of an adverse summary final judgment entered in an action filed by them against Metropolitan Dade County seeking injunctive relief against the enforcement of Metropolitan Dade County Ordinances Nos. 81-56[1] and 82-18, which prohibit railroads from blowing, activating or permitting to be blown any horn or whistle from their trains during the hours of 7:00 p.m. to 7:00 a.m. at nine designated railroad grade crossings.[2]
The appellants alleged in their complaint that the ordinances create an unreasonable burden on interstate commerce, are violative of due process and equal protection of law, and are in conflict with sections 316.1575 and 338.21, Florida Statutes (1981), and Chapter 350, Florida Statutes (1981).
The County filed an answer and a motion for summary judgment. Numerous affidavits were filed. Upon consideration of the pleadings and affidavits the trial court entered summary final judgment in favor of the County.
*980 Appellants urge reversal of the summary judgment on the ground that the trial court erred in entering such judgment because there were genuine issues of material fact to be tried regarding the legality and constitutionality of the ordinances. We agree and reverse.
It is a well settled rule that a summary judgment should only be granted in the complete absence of any genuine issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The burden of the movant for summary judgment is not simply to show that the facts support its own theory of the case, but rather to demonstrate that the facts show that the party moved against cannot prevail. Burkett v. Parker, 410 So.2d 947 (Fla. 1st DCA 1982); Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977). The moving party has the burden of conclusively showing the absence of genuine issues of material fact. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Seinfeld v. Commercial Bank & Trust Co., 405 So.2d 1039 (Fla. 3d DCA 1981). If the existence of such issues or the possibility of their existence is reflected in the record, or the record raises even the slightest doubt in this respect the judgment must be reversed. Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979); Mejiah v. Rodriguez, supra.
The record on appeal discloses that there are genuine issues of material fact which have not been eliminated by the movants for summary judgment. Accordingly, the judgment appealed is reversed.
Reversed.
NOTES
[1] Sec. 21-27.3, Code of Metropolitan Dade County, Florida.
[2] Also challenged by appellants was Ordinance No. 82-23, which amended sec. 21-27.3 of the Code by permitting the Board of County Commissioners to apply the provisions of 21-27.3 to railroad grade crossings "by resolution, after public hearing" rather than by ordinance.