**BANKEST IMPORTS, INC., a Florida Corporation, Plaintiff,**

v.

**ISCA CORPORATION, a New York corporation d/b/a Elliott Lauren and Elliott Lauren, Inc., a New York corporation, Defendants.**

No. 89–0007–CIV.

United States District Court,
S.D. Florida.

July 13, 1989.

As Corrected July 19, 1989.

Jill N. Berman, Miami, Fla., for plaintiff.

Charles W. Throckmorton and Peter D. Russin, Miami, Fla., and Frederick J. Berman, New York City, for defendants.

MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER ON PLAINTIFF'S MOTION TO DISMISS, FOR MORE DEFINITE STATEMENT AND TO STRIKE

THIS CAUSE comes before the Court upon the Plaintiff's, BANKEST IMPORTS, INC., Motion to Dismiss, for More Definite Statement and to Strike, filed with this Court on March 16, 1989. Upon review of this matter, the Court makes the following dispositions:

### Procedural History

Plaintiff, BANKEST IMPORTS, INC., instituted the above-styled cause against Defendants, ISCA CORP., et al., in state court. Subsequent to the initiation of this action, Defendants removed this action to federal court. In response to Plaintiff's six Count Complaint, Defendant ISCA filed a nine Count Counterclaim. On March 16, 1989, Plaintiff filed a Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike the Counterclaim. Defendant filed its response thereto on April 17, 1989.

### Facts

Defendant, ISCA CORPORATION ("ISCA"), a New York corporation, engages in the design, manufacture, market and sale of women's clothes under the trade name, ELLIOTT LAUREN. Plaintiff, BANKEST IMPORTS, INC. ("BANKEST"), is a Florida corporation which provides financial, accounting and factoring

assistance to various businesses, including ISCA.

On January 1, 1982, BANKEST and ISCA entered into an agreement, whereby BANKEST agreed to advance to ISCA all funds necessary to pay for material, labor and other costs, and as collateral for such advances, ISCA agreed to pledge to BANKEST all right, title and interest in any materials, inventory, work in process and finished goods. Pursuant to this agreement, ISCA would manufacture clothing with the inventory purchased with BANKEST funds and then sell these finished goods to its customers on credit. ISCA would then sell to BANKEST all of its accounts receivable arising from this business, with recourse. In consideration for services rendered, BANKEST was entitled to receive an additional service fee in the amount of 40% of the gross operating profits of ISCA's business.

BANKEST terminated the agreement on September 22, 1988, pursuant to a written notice of termination. Based upon the termination letter and terms of the agreement, BANKEST requested a certified audit by a Certified Public Accountant. Although ISCA recognized that the agreement had in fact been terminated, it opposed such an audit.[1]

Despite the termination of the agreement, ISCA allegedly continued to place orders for material that were subsequently charged to BANKEST. BANKEST maintains that it received invoices for these orders and, in several instances, paid the suppliers in full. ISCA has allegedly refused to identify which materials were purchased in this manner, and further has refused to account or pay for this inventory. Based upon the foregoing, BANKEST instituted the above-styled cause against Defendant ISCA.

## *Discussion*

### Motion to Dismiss Defendant's Counterclaim in its Entirety

■ Plaintiff, BANKEST IMPORTS, INC., has filed a Motion to Dismiss the Counterclaim in its entirety based upon Defendant's, ISCA CORPORATION, failure to sufficiently allege the time and place during which the events in question occurred. Defendant ISCA has opposed BANKEST's Motion to Dismiss on this basis, as the Federal Rules of Civil Procedure do not require a party to plead matters of time and place with particularity. Upon review of Defendant's Counterclaim, this Court concludes that Defendant has alleged sufficient facts regarding time and place to withstand Plaintiff's Motion to Dismiss.

The Federal Rules of Civil Procedure contemplate liberal notice pleading by the parties. Under the Federal Rules, a Complaint need only contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 9(f) provides that [f]or the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter. Rule 9(f), however, was not intended to abrogate the liberal pleading requirements of Rule 8; rather, Rule 9(f) merely supplants Rule 8 and must be read in conjunction therewith.

As the Federal Rules do not require a party to plead time and place with particularity, this Court finds that Defendant has alleged sufficient facts regarding time and place to withstand Plaintiff's Motion to Dismiss. However, given that the events in question span almost seven years, it is the opinion of this Court that a more definite statement regarding time and place is in order. Accordingly, Defendant is directed to prepare a more definite statement as to all Counts of its Counterclaim within 20 days of the entry of this Order.

### Motion to Dismiss Count I—Breach of Contract

Plaintiff has premised its Motion to Dismiss Count I of Defendant's Counterclaim on several grounds; accordingly, this Court shall dispose of each ground separately.

---

**1.** By Order dated May 16, 1989, this Court directed that an audit should take place, and that said audit should be conducted by a Certified Public Accountant.

■ I. Count I of Defendant's Counterclaim purports to state a claim against Plaintiff based upon breach of its duty to segregate funds and accounts. In opposition thereto, Plaintiff has stated that the agreement fails to impose such a duty, and thus, Defendant's Counterclaim should be dismissed. Defendant ISCA maintains, however, that (a) there is nothing in the agreement which is inconsistent with such an obligation, (b) BANKEST's obligation to segregate funds is implicit from the very nature of the financial services which it provided to ISCA, and (c) the agreement at issue gives rise to implicit obligations, i.e. duty to segregate funds, which are not explicitly set forth in the agreement. *Heredia v. Safeway Trails, Inc.*, 369 So.2d 418, 420 (Fla. 3rd DCA 1979). Upon review of this matter, it is the opinion of this Court that Plaintiff's Motion to Dismiss Count I should be DENIED.

Court's have long recognized that a written agreement can give rise to implicit obligations not explicitly set forth in the agreement. As stated by the court in *Heredia v. Safeway Trails, Inc.*, 369 So.2d 418, 420 (Fla. 3rd DCA 1979):

> A written instrument may have legal effect beyond its actual words, resultant upon its wording and purpose. It must be considered to embody obligations which legally are to be implied from its wording and the relationship of the parties, and obligations thereunder that are implied by law, although not actually specified therein, are legal considerations founded on the contract. . . .

Consistent therewith, this Court finds that the agreement at issue may give rise to implicit obligations, such as a duty to segregate funds, although not explicitly set forth in the agreement. Id.[2] As such, Plaintiff's Motion to Dismiss Count I of Defendant's Counterclaim on this basis is DENIED.

■ II. In Count I of its Counterclaim, Defendant has alleged that Plaintiff improperly retained insurance proceeds received for damaged materials. In response thereto, Plaintiff has filed a Motion to Dismiss Count I of Defendant's Counterclaim.

Upon review of this matter, it is the opinion of this Court that Plaintiff's Motion to Dismiss Count I of Defendant's Counterclaim for misappropriation of insurance proceeds should be DENIED. If, as the Defendant asserts, ISCA did in fact reimburse Bankest for all monies advanced, then Bankest's retention of the insurance proceeds may well have been improper. As this Court must accept as true all averments contained in Defendant's Counterclaim, Plaintiff's Motion to Dismiss must be DENIED.

■ III. Plaintiff has filed a Motion to Dismiss Count I of Defendant's Counterclaim, based in tort, on the basis that such a claim cannot stand as a matter of law. Upon review of this matter, it is the opinion of this Court that Plaintiff's Motion to Dismiss should be GRANTED.

It is well established that "contract principles are more appropriate than tort principles for resolving economic losses resulting from the purchase of a product [or services] where there are no personal injury or property damage claims." *AFM Corp. v. Southern Bell Tel. & Tel.*, 515 So.2d 180, 181 (Fla.1987). "[A] breach of contract, alone, cannot constitute a cause of action in tort ... It is only when the breach is attended by some additional conduct which amounts to an independent tort that such a breach can constitute negligence." *Electronic Security Systems Corp. v. Southern Bell Telephone and Telegraph Co.*, 482 So.2d 518, 519 (Fla. 3d DCA 1986). Florida law does not permit a purchaser of services, such as ISCA, to recover economic losses in tort without a claim for personal injury or property damage. *AFM Corporation, supra* at 180–81. Defendant, in the instant case, has failed to allege a tort independent of the breach of contract. As such, this claim must be dismissed.

### Motion to Dismiss Count II—Breach of Fiduciary Duty

■ Plaintiff has filed a Motion to Dismiss Count II of Defendant's Counterclaim for breach of fiduciary duty, based upon

---

**2.** Although the agreement at issue does not expressly impose upon Plaintiff a duty to segregate funds, such a duty is not inconsistent with the provisions of this agreement.

Defendant's failure to establish the existence of a fiduciary relationship. To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party. *Barnett Bank of West Florida v. Hooper*, 498 So.2d 923 (Fla.1986). In an arms-length transaction, such as the one at hand, there is no duty to act for the benefit or protection of the other party. *Cripe v. Atlantic First National Bank*, 422 So.2d 820 (Fla.1982). Moreover, the fact that one party places its trust in the other does not create a confidential relationship in the absence of some recognition, acceptance, or undertaking of the duties of a fiduciary on the part of the other party. *Harris v. Zeuch*, 103 Fla. 183, 137 So. 135 (1931).

Upon review of this matter, it is the opinion of this Court that Defendant has failed to allege the existence of a fiduciary relationship. Accordingly, Count II of Defendant's Counterclaim for breach of fiduciary duty is DISMISSED with leave to amend within 20 days of the entry of this Order.

### Motion to Dismiss Count VI—Fraud

Count VI of Defendant's Counterclaim purports to state a cause of action for fraud, based upon the following: (i) Plaintiff fraudulently induced ISCA to enter into and continue the agreement by misrepresenting its financial strength, and (ii) Plaintiff systematically and fraudulently misrepresented the amount of profits earned by ISCA in its monthly statements to ISCA. In response thereto, Plaintiff has filed a Motion to Dismiss Count VI of Defendant's Counterclaim for failure to comply with Federal Rule of Civil Procedure 9(b).

Rule 9(b) requires that [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Upon review of this matter, it is the opinion of this Court that Count VI of Defendant's Counterclaim fails to comply with the special pleading requirements set forth in Rule 9(b). Count VI contains allegations sufficient to apprise Plaintiff of the nature of Defendant's fraud claims; however, these allegations fail to plead fraud with particularity, as required by Rule 9(b).

As the instant dispute involves performance under a contract which spans almost 7 years, the Court will not require Defendant to detail each and every incident of Plaintiff's alleged fraud. This Court, however, shall require Defendant to provide some factual support for its allegations. Accordingly, this Court hereby GRANTS Plaintiff's Motion to Dismiss Count VI of Defendant's Counterclaim with leave to amend within 20 days of the entry of this Order.

### Motion to Dismiss Count VII—RICO

Count VII of Defendant's Counterclaim purports to state a cause of action under RICO, 18 U.S.C.A. Section 1961 *et seq.* To state a claim pursuant to RICO, a party must allege (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Upon review of Count VII, it is the opinion of this Court that Defendant has failed to allege the requisite elements of a cause of action under RICO. Accordingly, Plaintiff's Motion to Dismiss Count VII of Defendant's Counterclaim is GRANTED with leave to amend within 20 days of the entry of this Order.

### Motion to Dismiss Count IX—Conversion

In Count IX of its Counterclaim, Defendant seeks recovery against Plaintiff based upon the theory of conversion. Plaintiff has filed a Motion to Dismiss Count IX.[3] Upon review of this matter, it

---

**3.** The agreement in the instant case provides that Plaintiff shall withhold its 40% share of the gross profits and pay to ISCA an amount equal to 60% of the gross profits. Plaintiff maintains that an action for conversion cannot be maintained based upon this agreement. *See Futch v. Head*, 511 So.2d 314, 321 (Fla. 1st DCA 1987) (contract which gave plaintiff 10% interest in the sale proceeds of defendant's property merely established a debt which could be discharged by payment of money, and thus, it was not a proper basis for conversion). *See also Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 216 (5th Cir.1986) (contract language did not require segregation of the funds owed by one party to another, and thus, did not establish Plaintiff's ownership interest in the funds, so as to sustain a conversion action.

is the opinion of this Court that Plaintiff's Motion to Dismiss Count IX should be GRANTED.

A brief review of the facts pertinent to this Court's decision will prove helpful. Defendant ISCA retained Plaintiff to perform financial services, collect its accounts and perform accounting functions for a fee of 40% of ISCA's gross profits. Section 5 of the Agreement states:

As service fee for providing financing, invoicing and collection and related services to ISCA in connection with its business described above, ISCA shall pay to Bankest an amount equal to 40% of ISCA's gross operating profit, as determined in accordance with generally accepted accounting principles.

Pursuant to Section 6 of the Agreement, Plaintiff was to collect Defendant ISCA's revenues, and was entitled to keep for itself amounts it had advanced to ISCA and the 40% service fee. The gravamen of Count IX is that the remaining revenues belonged to Defendant ISCA, and not to Plaintiff. By intentionally retaining more money than entitled to, Plaintiff allegedly breached its contractual obligation with Defendant ISCA and converted ISCA's money to its own use.

To state a claim for the conversion of money, there must exist a specific fund capable of separate identification. Florida courts have recognized that "[t]o be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified." *Belford Trucking v. Zagar*, 243 So.2d 646 (Fla. 4th DCA 1970). Money is said to be capable of identification where it is delivered "at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit...." *Id.* at 648. No such agreement existed between Defendant ISCA and the Plaintiff. As the instant dispute is essentially an action for breach of a contract to pay money; it is not an action in conversion. Accordingly, it is the opinion of this Court that Count IX of Defendant's Counterclaim should be dismissed.

### Punitive Damages

■ Plaintiff has filed a Motion to Strike Defendant's request for punitive damages for failure to comply with the pleading requirements set forth in Section 768.72, Florida Statutes.[4] Upon review of this matter, it is the opinion of this Court that Plaintiff's Motion to Strike should be GRANTED.

A federal court sitting in diversity must apply federal law to matters of procedure and state law to matters of substance. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Federal Rules of Civil Procedure contemplate liberal notice pleading by the parties. Under the Federal Rules, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Courts, however, have abrogated these liberal pleading requirements when greater specificity is required. Section 768.72, Florida Statutes (1987), represents such a departure from the liberal requirements of notice pleading.

Florida Statute Section 768.72 requires that a Plaintiff plead with greater specificity when asserting a claim for punitive damages. Florida courts have held that this statute is substantive in nature and, thus, should be applied by a federal court in Florida, sitting in diversity. *Smith v. Department of Ins.*, 507 So.2d 1080 (Fla. 1987). Accordingly, Plaintiff in the instant case is bound by the more stringent pleading requirements of Section 768.72.

Upon review of Defendant's Counterclaim, it is evident that Defendant has failed to comply with the special pleading requirements of Section 768.72. Defendant has merely set forth conclusory allegations, and has failed to allege facts sufficient to

---

**4.** Florida Statute Section 768.72 provides in pertinent part: In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend its complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.

entitle it to recover punitive damages. Absent compliance with these pleading requirements, Defendant is not entitled to maintain a claim for punitive damages. Accordingly, this Court hereby strikes Defendant's request for punitive damages. The Court, however, hereby grants Defendant 20 days within which to amend its Counterclaim to comport with the pleading requirements of Section 768.72, Florida Statutes (1987).

### Attorney's Fees

■ As an element of damages, Defendant has requested an award of attorneys' fees. In response thereto, Plaintiff has filed a Motion to Dismiss Defendant's request for attorneys' fees. Upon review of this matter, it is the opinion of this Court that Defendant has failed to demonstrate an entitlement to an award of attorneys' fees; accordingly, Defendant's request for said fees is DENIED.

Attorney's fees are not recoverable and cannot be awarded unless provided for by contract or statute. *Fox v. City of West Palm Beach,* 383 F.2d 189 (5th Cir.1967); *Maine v. Benjamin Foster Co.,* 141 Fla. 91, 192 So. 602 (1940); *Woodco v. B & H Realty,* 501 So.2d 1330 (Fla. 3rd DCA 1987).[5] In the instant case, Defendant has failed to allege the existence of any contractual agreement providing for the award of attorneys' fees. Furthermore, the only statute which provides for an award of attorney's fees is 18 U.S.C.A. Section 1964(c), which is applicable to Count VII of Defendant's counterclaim. As Count VII fails to state a claim upon which relief can be granted and is subject to dismissal, Defendant ISCA's claim for attorney's fees is likewise dismissed.

### Treble Damages

Defendant ISCA seeks treble damages with respect to Count VII of its Counterclaim, pursuant to 18 U.S.C.A. Section 1964(c). As Count VII fails to state a claim upon which relief can be granted and is subject to dismissal, ISCA's claim for treble damages must be dismissed.

Upon review of these matters, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss, for More Definite Statement and to Strike is disposed of as follows:

1. Plaintiff's Motion for a More Definite Statement regarding time and place is GRANTED as to all Counts of Defendant's Counterclaim.

2. Plaintiff's Motion to Dismiss Count I of Defendant's Counterclaim is GRANTED in part and DENIED in part.

3. Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim is GRANTED with leave to amend.

4. Plaintiff's Motion to Dismiss Count IV of Defendant's Counterclaim is DENIED.

5. Plaintiff's Motion to Dismiss Count VI of Defendant's Counterclaim is GRANTED with leave to amend.

6. Plaintiff's Motion to Dismiss Count VII of Defendant's Counterclaim is GRANTED with leave to amend.

7. Plaintiff's Motion to Dismiss Count IX of Defendant's Counterclaim is GRANTED.

8. Plaintiff's Motion to Strike Defendant's request for punitive damages is GRANTED with leave to amend.

9. Plaintiff's Motion to Dismiss Defendant's request for attorneys' fees is GRANTED.

10. Plaintiff's Motion to Dismiss Defendant's request for treble damages is GRANTED.

DONE AND ORDERED.

---

5. In *Weisenberg v. Carlton,* 233 So.2d 659, 661 (Fla. 2d DCA 1970), the Second District Court of Appeal recognized an exception to this general rule, and held that the presence of fraud and malice may furnish a basis for the recovery of attorneys' fees in certain circumstances. Although Defendant has asserted a claim for fraud against Plaintiff, it is the opinion of this Court that the facts of this case do not fall within this exception to the general rule regarding the recoverability of attorneys' fees.