683 So.2d 559 (1996)
Edward SCHRANK, Appellant,
v.
Philip PEARLMAN and Anita Pearlman, Appellees.
No. 95-2642.
District Court of Appeal of Florida, Third District.
October 23, 1996.
*560 Wallace Bauman Fodiman & Shannon and Michael G. Shannon and Todd A. Fodiman, Coral Gables, for appellant.
Sanford Z. Chevlin, for appellees.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
COPE, Judge.
Edward Schrank appeals a partial summary judgment determining that he is liable to Philip Pearlman and Anita Pearlman. The principal question presented is the length of the statute of limitations in a suit for equitable contribution, which we decide is four years. Because the statute of limitations issue and other issues raised by defendant-appellant Schrank precluded the entry of summary judgment, we reverse.
In 1986 plaintiff-appellee Philip Pearlman executed a promissory note in favor of Barnett Bank of South Florida, N.A. He signed the note as trustee of an unrecorded land trust.
Contemporaneously Philip Pearlman, Anita Pearlman, and Edward Schrank each executed a personal guaranty of the 1986 loan. According to the complaint, in September 1989, Barnett Bank called on the Pearlmans and Schrank to honor their personal guaranties. Philip Pearlman and Anita Pearlman allege that they paid $259,805.70 to Barnett Bank, which discharged the indebtedness under the 1986 note. The Bank canceled all three personal guaranties.
In 1994, Philip Pearlman and Anita Pearlman sued Schrank for equitable contribution. The complaint alleged that since the Pearlmans and Schrank each were co-guarantors of the 1986 note, each guarantor was equitably liable for one-third of the $259,805.70 amount paid to satisfy the indebtedness. The Pearlmans sought judgment against Schrank for his one-third share.
Defendant Schrank filed a motion to dismiss, asserting that the complaint facially showed that it was barred by the statute of limitations. The motion was not called up for a hearing.
The Pearlmans filed a motion for partial summary judgment on liability. They asserted that since all three parties had indisputably executed personal guaranties covering *561 the 1986 note, it was clear as a matter of law that the Pearlmans were entitled to equitable contribution.
Defendant Schrank submitted an affidavit in opposition to the motion for summary judgment. Schrank conceded that he executed the guaranty in favor of Barnett Bank. However, he asserted the defense of the statute of limitations. He also appended a general partnership agreement executed by Schrank and Philip Pearlman as general partners, in 1984. Schrank stated that the general partnership agreement governed the relationship between Schrank and Philip Pearlman, including the 1986 loan by Barnett Bank. Schrank asserted that under an indemnification provision in the 1984 partnership agreement, he was entitled to be indemnified by Philip Pearlman. Accordingly, Schrank stated that under either the statute of limitations or the general partnership agreement, he was not liable. At the summary judgment hearing, defendant Schrank also objected that plaintiffs' motion for summary judgment was not supported by any affidavit or other competent evidence in the record, and should be denied for that additional reason.
The trial court entered partial summary judgment on liability in favor of the Pearlmans, and Schrank has appealed.
The principal issue is whether the plaintiffs' claim for equitable contribution is governed by a four-year or five-year limitation period. Plaintiffs take the position that a suit for equitable contribution is properly viewed as a "legal or equitable action on a contract, obligation, or liability founded on a written instrument." § 95.11(2)(b), Fla. Stat. (1989). They reason that the cause of action arises out of the guaranties, which are written instruments, and that the five-year statute of limitations is controlling.
Defendant asserts that the case is governed by the four-year limitation period for a "legal or equitable action on a contract, obligation, or liability not founded on a written instrument...." Id.; § 95.11(3)(k), Fla. Stat. (1989). Defendant argues that the cause of action for equitable contribution is one which is implied in law, and is not contained within the guaranties themselves. Defendant says that the cause of action is, therefore, not founded on a written instrument within the meaning of the statute of limitations, and is governed by the four-year limitation period. Since the complaint in this case was filed four-and-one-half years after the date plaintiffs paid Barnett Bank, defendant contends that the action is time-barred.
In the present case each party executed a guaranty in favor of Barnett Bank for the 1986 note. Each party's guaranty recited that the other two parties were simultaneously executing guaranties in favor of Barnett Bank, and acknowledged that each guarantor was jointly and severally liable for the obligations thereunder.
The guaranties are completely silent on the issue of contribution. The guaranties do not address the financial relationships among the guarantors, nor do they address any of the rights one guarantor may have against the others in the event that Barnett Bank must be paid under the guaranty.
Where, as here, there is no express agreement covering rights of contribution, Florida law recognizes a right of equitable contribution. "The [equitable contribution] principle attempts to distribute equally among those who have a common obligation, the burden of performing that obligation." Fletcher v. Anderson, 616 So.2d 1201, 1202 (Fla. 2d DCA 1993) (citation omitted). "Thus, an obligor who has paid in excess of his prorata share of the obligation, is entitled at law to contribution from the other obligors for their aliquot share." Id. (citations omitted).
As summarized by the Florida Supreme Court at an early date:
The principal [sic] of contribution does not seem to have sprung from contract, but is based on a principle of justice and equity, that one person should not be singled out by the creator to pay the whole demand; and where this occurs, the law intervenes and places sureties relatively to each other in a state of equality as to the amount paid, and gives the party paying a remedy by action for contribution. This right of action grows out of an implied agreement, that if one surety shall be compelled *562 to pay the whole, or a disproportionate part of the debt, the other shall pay such a sum as shall render their common burden equal.
Love v. Gibson, 2 Fla. 598, 618-19 (1849); see also Meckler v. Weiss, 80 So.2d 608, 609 (Fla.1955); Berkan v. Brown, 242 So.2d 207, 209 (Fla. 3d DCA 1970), cert. denied, 246 So.2d 111 (Fla.1971).
Since in the circumstances of the present case, the right of contribution is created by law, and does not arise from any promise contained in the written guaranties themselves, the question is whether the cause of action is "founded on a written instrument," § 95.11(2)(b), Fla. Stat. (1989), for purposes of the statute of limitations. The Florida Supreme Court has said:
In order that a contract be founded upon a written instrument, the instrument must contain a contract to do the thing for the nonperformance of which the action is brought. The mere fact that it is remotely or indirectly connected with it or would be a link in the chain of evidence to prove the cause of action is not sufficient.
Gulf Life Ins. Co. v. Hillsborough County, 129 Fla. 98, 104, 176 So. 72, 75 (1935) (citations omitted). Here the guaranties do not contain any promise relating to contribution by one guarantor toward another. We conclude, therefore, that the plaintiffs' cause of action for equitable contribution is governed by the four-year limitation period of paragraph 95.11(3)(k), Florida Statutes (1989). Since defendant has put forth what appears potentially to be a complete defense, the plaintiffs' motion for summary judgment should have been denied.[1]
Plaintiffs rely on Heredia v. Safeway Trails, Inc., 369 So.2d 418 (Fla. 3d DCA), cert. denied, 378 So.2d 348 (Fla.1979), but that case presents a very different circumstance. In Heredia this court held that a bus ticket to transport the plaintiff from Miami to New York constituted a written contract and included, as a matter of law, the promise "to transport the passenger to his destination in a reasonably safe manner." Id. at 420. Plaintiff brought a suit on a breach of contract theory for personal injuries suffered when the bus ran off the highway and into a canal. Id. at 419-20. This court concluded that the plaintiff's cause of action was properly viewed as "`[an] action on a contract, obligation, or liability founded on a written instrument,'" id. at 420 (footnote omitted), for purposes of the five-year statute of limitations. The Heredia decision is, in our view, consistent with Gulf Life because the bus ticket contained the specific promise of transportation which was the basis of the lawsuit.[2]
Plaintiffs also rely on Wilcox v. Atkins, 213 So.2d 879 (Fla. 2d DCA 1968), but that case is also inapposite. There the court interpreted the terms used in the parties' contract and held that the intended buyer in a real estate transaction was entitled to return of a deposit held by the real estate broker. The court explained that "the law imported into a contract does not create an independent agreement, but makes the instrument itself express the full agreement of the parties." Id. at 882.
In the present case, by contrast, it is not a matter of interpreting the terminology used in the guaranties, nor is it a matter of determining the scope of the obligations undertaken between Barnett Bank and each guarantor individually. Instead, the law has created a right of equitable contribution which is not found in the guaranties themselves. Consequently, the Gulf Life decision is controlling here.
Defendant's alternative argument for reversal also has merit. Defendant's affidavits appended the 1984 general partnership agreement and set forth his version of the events leading to the 1986 note and guaranties. For purposes of summary judgment it is axiomatic that the record is read in the light most favorable to the nonmoving party. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). The moving party's burden is a particularly heavy one where, as here, plaintiffs *563 move for summary judgment before defendant has answered. See Rodriguez v. Tri-Square Constr., Inc., 635 So.2d 125, 126 (Fla. 3d DCA 1994). Defendant's affidavit raised disputed issues of material fact regarding the 1984 partnership agreement which also precluded summary judgment. Additionally, defendant's objection was also well taken that plaintiffs based their motion for summary judgment on facts contained in an unsworn complaint, which plaintiffs had not supported by affidavit or other competent evidence.
The partial summary judgment is reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[1] Our reversal is without prejudice to plaintiffs to show any matters which would avoid the limitations bar. See § 95.051, Fla. Stat (1989).
[2] The bus ticket was designated "Contract." 369 So.2d at 419.