SCHWARTZ, Senior Judge.
 

 The appellant-seller challenges an interlocutory order in an action involving a failed real estate deal in which the parties disputed which side had defaulted. The order released to the appellees-buyers the portion of the real estate deposit to which they were unconditionally entitled even if they did not prevail in the litigation, that is, even if they were the ones in default.
 
 [1]
 
 Considering this proceeding as an authorized non-final appeal under Rule 9.130(a)(3)(C)(ii), from an order determining the right to the immediate possession of property, the portion of the deposits in question, see
 
 Malek v. Bright,
 
 7 So.3d 598 (Fla. 3d DCA 2009), the order is affirmed on the authority of
 
 Pianeta Miami, Inc. v. Lieberman,
 
 949 So.2d 215 (Fla. 3d DCA 2006).
 

 Affirmed.
 
 [2]
 

 [1]
 

 . Paragraph 13 of the purchase agreement provides, in part:
 

 If Buyer defaults after fifteen percent (15%) of the Purchase Price, exclusive of interest, has been paid, Seller will refund to the Buyer any amount which remains from the payments Buyer made after subtracting fifteen percent (15%) of the Purchase Price, exclusive of interest....
 

 [2]
 

 . Any stay of the order is vacated, effective immediately.