SHEPHERD, J.
 

 This is a non-final appeal taken under Florida Rules of Appellate Procedure 9.130(a)(3)(B) and 9.130(a)(3)(C)(ii) from an order entered at a non-evidentiary hearing on the court’s uniform motion calendar, in the nature of a mandatory injunction,
 
 see Konover Realty Assocs. Ltd. v. Mladen,
 
 511 So.2d 705, 706 n. 2 (Fla. 3d DCA 1987), or an order of entitlement to immediate possession of property,
 
 see Malek v. Bright,
 
 7 So.3d 598 (Fla. 3d DCA 2009). The plaintiffs, two hundred twenty-six in number, are the contract purchasers of one hundred eighty-seven condominium units in three condominium towers in Miami-Dade County. The defendants, TRG Brickell Point NE, Ltd., TRG Brickell Point SE, Ltd., and TRG Brickell Point West, Ltd., are each the developer of one of the towers.
 

 The plaintiffs seek the return of the full amount of deposits on the condominium units in the ongoing litigation. The default provision of each purchase agreement states, “If Buyer defaults after fifteen percent (15%) of the Purchase Price, exclusive of interest, has been paid, Seller will refund to Buyer any amount which remains from payments Buyer made after subtracting fifteen percent (15%) of the Purchase Price, exclusive of interest.” While not conceding lack of entitlement to the fifteen percent, the plaintiffs alleged in their un-sworn Motion to Authorize Escrow Agent to Return Deposit Payments in Excess of 15% of the Purchase Price, that “Plaintiffs do not intend to close on their respective units and have either been called to close and have breached or will not close and will be in breach.” The order under review reads as follows:
 

 Second Amended Order on Plaintiff’s Motion for Release of Escrow Funds
 

 ORDERED and ADJUDGED that the Motion be, and the same is hereby granted in part. As to Plaintiffs who have received a notice from defendant(s) that the plaintiff is in default, Defendants) shall return to set plaintiffs in the amount of the deposit in excess of 15% of the purchase price and the escrow agent shall effectuate the return of set amounts. The Defendants and Escrow Agent are ordered to comply with the provisions of this order within 14
 
 *55
 
 days of the date of the hearing. As to plaintiffs who were called to close and did not close, but were not advised by the defendant that they were in default, the court shall hold additional hearings. As to all other plaintiffs, denied.
 

 There exists no sworn evidence in the record to support the motion. In fact, no defendant had answered the complaint before the order was entered.
 

 We, of course, reverse the order under review.
 
 See
 
 Fla. R. Civ. P. 1.510(c) (defining “summary judgment evidence” as “any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence”);
 
 Schrank v. Pearlman,
 
 683 So.2d 559, 563 (Fla. 3d DCA 1996) (holding competent evidence must support a motion for summary judgment);
 
 Olin’s Inc. v. Avis Rental Car System of Fla., Inc.,
 
 105 So.2d 497, 498 (Fla. 3d DCA 1958) (“When a trial court has for consideration a plaintiffs motion for summary judgment before the defendant has answered, the summary judgment should not be granted unless it is clear that an issue of material fact can not be presented.”). The court may have been misguided by the fact that the developers admit, except for achieving certainty as to whom to write checks in some instances,
 
 [1]
 
 they have no defense to the return of deposit monies in excess of fifteen percent to these plaintiffs.
 
 See Terra-Adi Int’l Bayshore, LLC v. Georgarious,
 
 20 So.3d 987, 987 (Fla. 3d DCA 2009) (affirming on summary judgment
 
 [2]
 
 an interlocutory order requiring return of deposits in excess of fifteen percent under identical contract language to that in the contracts before us). However inscrutable the full-court resistance exhibited by these developers to returning the deposit monies in excess of fifteen percent in this case, they are entitled to the due process of the law, meaning a properly supported motion for summary judgment.
 
 See
 
 Fla. R. Civ. P. 1.510(c). On the other hand, it is apodictic that summary judgments may not be granted at any type of hearing, absent the existence of “summary judgment evidence” in the record.
 
 See Schrank,
 
 683 So.2d at 563.
 
 [3]
 
 The trial court failed to adhere to this settled principle of jurisprudence in this case. For this reason, we reverse and remand this case for further proceedings consistent with this opinion.
 

 Reversed and remanded with directions.
 

 [1]
 

 . Even here, the parties at oral argument advise they presently are working cooperatively to achieve deposit returns in excess of fifteen percent for the class of purchasers who received notices of default.
 

 [2]
 

 . We take judicial notice of our record in this recently decided case to confirm that the order under review was an order from a motion for summary judgment.
 
 See
 
 § 90.202(6)(2010), Fla. Stat.
 

 [3]
 

 .Nor was a motion for judgment on the pleadings available to the plaintiffs at this stage of the proceeding.
 
 See
 
 Fla. R. Civ. P. 1.140(c) (stating such motions may be brought only after the pleadings are closed).