LAGOA, J.
 

 The appellants, Alfre Marble Corp. (“Alfre”) and Pablo Meza Corp. (“Meza”), appeal an order of the trial court entering final summary judgment in favor of the appellee, Twin Stone Designs & Installations, Inc. (“Twin Stone”). Because genuine issues of material fact exist, we reverse.
 

 Alfre and Meza entered into separate, oral contracts to provide flooring services to Twin Stone at the Trump Royale Sunny Isles Condominium (“Trump Royale”) project. All parties agree that under the contract, Twin Stone would withhold ten percent of the payment, per condominium unit, for any detail repairs (also known as “punch-out work”) which needed to be done after the inspection of the condominium units. Alfre and Meza subsequently filed a complaint for breach of contract alleging that they fully performed their obligations under the contract, and that Twin Stone failed to pay them the withheld funds when the Trump Royale project was completed.
 

 Twin Stone subsequently filed a motion for summary judgment and argued that a pre-condition for payment of the withheld ten percent was the issuance of a final certificate of occupancy for each of the units. Twin Stone asserted that because Alfre and Meza had no knowledge concerning whether the final certificates of occupancy had been issued for the units, and
 
 *194
 
 also failed to produce any final certificates of occupancy for any of the units at issue, it was entitled to final summary judgment as a matter of law. After a hearing, the trial court agreed and entered final summary judgment in favor of Twin Stone.
 

 It is well established that on a motion for summary judgment, the movant has the burden “to demonstrate that the facts show that the party moved against cannot prevail.”
 
 Fla. E. Coast Ry. Co. v. Metro. Dade County,
 
 438 So.2d 978, 980 (Fla. 3d DCA 1983).
 
 Accord Shaw v. Tampa Elec. Co.,
 
 949 So.2d 1066, 1069 (Fla. 2d DCA 2007) (“The moving party carries the heavy burden of showing conclusively that the nonmoving party cannot prevail.”). Moreover, “[i]f the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.”
 
 Holland v. Verheul,
 
 583 So.2d 788, 789 (Fla. 2d DCA 1991).
 

 Here, Twin Stone failed in its burden to prove the absence of a genuine issue of material fact concerning Alfre and Meza’s entitlement to payment of the withheld funds. Specifically, the record does not reflect that the contracts require Alfre and Meza to produce a final certificate of occupancy for each unit as a condition precedent to payment of the withheld funds, nor did Twin Stone establish, by affidavit or otherwise, some other basis for that requirement. Moreover, Twin Stone does not dispute that Trump Royale is open and occupied. Accordingly, we reverse the final summary judgment entered below in favor of Twin Stone and remand for further proceedings.
 

 Reversed and remanded.