SCHWARTZ, Senior Judge.
There is no error in the trial court’s dismissal of all pertinent counts of the appellants-buyers’ complaint for the return of their deposits and cancellation of their preconstruction contracts for the purchase of condominium units in a later completed building. See Garcia v. Swire Pac. Holdings, Inc., 2010 WL 1524230, 5 (S.D.Fla. April 14, 2010); Weaver v. Opera Tower, LLC 2008 WL 4145520, 1 (S.D.Fla. Aug. 1, 2008); Se. Fla. Laborers Dist. Health & Welfare Trust Fund v. Phillip Morris, Inc., 1998 WL 186878 (S.D.Fla., April 13, 1998); Fladell v. Palm Beach County Canvassing Bd. 772 So.2d 1240, 1242-1243 (Fla.2000); Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 494 (Fla. 3d DCA 1994); Health Application Sys., Inc. v. Hartford Life & Accident Ins. Co., 381 So.2d 294, 297 (Fla. 1st DCA 1980); Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971).
Nor do we agree that the trial court erred in offsetting the attorney’s fees which the defendant recovered under the contract[1] against the amount of the depos *621 it over the 15% purchase price, to which the plaintiffs were entitled.[2] See TRG-Brickell Point NE, Ltd. v. Wajsblat, 34 So.3d 53, 55 (Fla. 3d DCA 2010); Terra-Adi Intern. Bayshore, LLC v. Georgarious, 20 So.3d 987 (Fla. 3d DCA 2009). As the court in Nationwide Mut. Fire Ins. Co. v. Voigt, 21 So.3d 895, 896 (Fla. 2d DCA 2009), concluded: “The sanction awards and the $50,000 judgment arise from one proceeding, and there is no reason that the sanction awards against Voigt should not be offset against the $50,000 judgment in her favor.” See also Lombardo v. Haige, 971 So.2d 1037, 1038-39 (Fla. 2d DCA 2008) (recognizing the propriety of setting off a separate fees and costs order in favor of the tenant against a judgment for unpaid rent in favor of the landlord); Angel Home Health Care, Inc. v. Mederi of Dade County, Inc., 696 So.2d 487, 488 (Fla. 3d DCA 1997) (reversing and remanding for entry of a net judgment rather than a judgment for damages for breach of contract in favor of the plaintiff and a separate judgment on a counterclaim for damages for fraud in favor of the defendant).
Affirmed.
SALTER, J., and SCHWARTZ, Senior Judge, concur.

. Paragraph 17 of the parties’ agreement provides:
Litigation. In the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to rea *621 sonable attorneys’, paralegals’ and paraprofessionals’ fees and court costs at all trial and appellate levels. This paragraph will survive (continue to be effective after) any termination of this Agreement, but shall otherwise be deemed merged into the deed at closing.

. Paragraph 13 of the parties' agreement provides:
If purchaser defaults after fifteen percent (15%) of the Purchase Price, exclusive of interest, has been paid, Seller will refund to the Purchaser any amount which remains from the payments Purchaser made after subtracting fifteen percent (15%) of the Purchase Price, exclusive of interest.