*1056 SCALES, J.
Appellant Abundant Living Citi Church Inc. (“Church”), the defendant and counter-plaintiff below, appeals a non-final order ejecting Church from property owned by Appellee Abundant Living Ministries, Inc. (“Owner”), the plaintiff/counter-defendant. Because the trial court’s order of ejectment operated as a de facto grant of summary judgment for Owner, disposing of Owner’s claim and Church’s contract claims, without obedience to summary judgment’s procedural dictates, we reverse.
I. Facts
In 2007, Owner initiated a single-count ejectment action, seeking to eject Church from Owner’s real property in Miami. Church filed a verified answer, affirmative defenses, and a three-count counterclaim alleging that Owner was estopped from ejecting Church from the property. Essentially Church alleges Owner orally agreed to sell the property to Church, and breached that oral agreement, by failing to honor the agreement.[1] Owner sought to strike Church’s affirmative defenses, asserting that Florida’s statute of frauds precludes Church’s contract and specific performance claims.[2] The trial court denied Owner’s motion to strike.
Protracted discovery ensued over the next several years. Eventually, the trial court set the ease for jury trial in May of 2017. One week after the case was set for trial, Owner filed its October 17, 2016 Motion to Compel Defendant to Surrender the Premises. In its motion, Owner alleged that it had entered a contract to sell the property to a third party and, therefore, needed to obtain the relief sought in Owner’s complaint; that is, to eject Church from the property. Owner’s motion made no other legal or factual arguments, did not cite to any record evidence in the case, and did not address Church’s verified affirmative defenses or counterclaim. On October 31, 2016, Owner noticed its motion for a hearing on November 9, 2016, for the trial court’s five-minute motion calendar.
In opposition to Owner’s ejectment motion, Church argued that issues of fact raised by Church’s verified pleadings precluded Owner from obtaining the relief sought. Specifically, Church asserted that Church rightfully possessed the premises, and that Church and Owner had entered into an oral contract authorizing Church to purchase the property. Church asserted that consideration had been given, payment of the purchase price had been tendered, and Church had made valuable improvements to the property. Church asserted that the circumstances surrounding Church’s occupation of Owner’s property were sufficient to “satisfy the longstanding gift and partial performance exceptions to the affirmative defense of the statute of frauds.”
The trial court conducted the November 9, 2016 hearing and on November 23, 2016, entered the order on appeal, which ejected Church from the property. The trial court determined that, even if an oral contract between Owner and Church existed, any such oral contract would violate Florida’s Statute of Frauds. The order expressly did not adjudicate Church’s assertions that its *1057 partial performance of the alleged oral contract were sufficient to remove the contract from the operative effect of Florida’s statute of frauds. The order required Owner to hold any sale proceeds in trust pending appeal by Church.
Church timely appealed the order. We stayed the trial court’s order and granted Church’s motion to expedite the appeal.
II. Analysis
The trial court’s ejectment order summarily disposed of both Owner’s ejectment claim and Church’s contract claims; hence we review the ejectment order as we would a summary judgment order. Accordingly, we review the ejectment order de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000).
Summary judgment is not warranted unless a hearing is held on proper motion, the record conclusively establishes that there exists no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). A trial court may not short-circuit this process. See, e.g., Fouts v. Bowling, 596 So.2d 95, 95 (Fla. 3d DCA 1992) (holding that hearing on motion in limine may not serve as vehicle for unnoticed summary judgment); Lombard v. Exec. Elevator Serv., 545 So.2d 453, 455 (Fla. 3d DCA 1989) (disapproving use of pretrial conference to take testimony to dispose of case without summary judgment notice). Further, a trial court may not short-circuit the summary judgment process by neglecting elements of rule 1.510. See, e.g., Kendall Commercial Assocs., LLC v. Drakes, LLC, 163 So.3d 718, 718-719 (Fla. 3d DCA 2015) (holding that grant of summary judgment without notice and based on relief unpled is improper); Schrank v. Pearlman, 683 So.2d 559, 563 (Fla. 3d DCA 1996) (observing that summary judgment cannot be based on un-sworn proof); Hurricane Boats, Inc. v. Certified Indus. Fabricators, Inc., 246 So.2d 174, 175 (Fla. 3d DCA 1971) (stating that affidavit in support of summary judgment may not be based on factual or legal conclusions).
To be entitled to a summary judgment, Owner, as the movant, had the burden to identify in its motion those record facts that conclusively proved its claim and disproved Church’s claims. Alfre Marble Corp. v. Twin Stone Designs & Installations, Inc., 44 So.3d 193, 194 (Fla. 3d DCA 2010). Rule 1.510(c) requires summary judgment motions specifically to identify the summary judgment evidence upon which the movant relies. Owner’s motion identifies no record evidence whatsoever; it merely alleges, in conclusory manner, that Church should be ejected from the property. Owner’s motion was accompanied by no affidavits or record citations. Owner’s motion simply repeated the con-clusory statement—alleged in Owner’s complaint—that Church had no legal basis to be in possession of the property. No attempt was made to challenge, much less disprove, the verified allegations contained in Church’s answer and counterclaim.[3]
Additionally, rule 1.510(c) requires summary judgment motions to “state with particularity the grounds upon which it is based and the substantial matters of law to be argued.” Fla. R. Civ. P. 1.510(c). The motion does not mention the parties’ alleged oral contract or Florida’s statute of frauds, much less address whether the facts alleged by Church bring the parties’ oral contract outside the reach of the statute of frauds. Understandably, based on *1058 Owner’s motion, Church could not have reasonably expected the trial court to enter against it a de facto summary judgment or, as the dissent suggests was appropriate, a final judgment of dismissal.[4] Yet, as Owner’s counsel properly conceded at oral argument, this is precisely the effect of the trial court’s order.
To be clear, we express no opinion as to whether Owner might be entitled to a summary judgment in this case. Entry of such summary judgment, however, is predicated upon Owner’s filing of a motion that meets the requirements of rule 1.510 and establishes that Owner is entitled to the relief sought in its pleadings, and that disproves conclusively Church’s entitlement to relief.
III. Conclusion
Notwithstanding Owner’s failure to file a proper summary judgment motion, the trial court entered the equivalent of a summary judgment for Owner. We therefore reverse the trial court’s ejectment order and remand for proceedings consistent with this opinion.
Reversed and remanded.
SALTER, J., concurs.

. Specifically, count I of Church's counterclaim seeks monetary damages for breach of contract; count II seeks a judgment requiring Owner to specifically perform the contract by selling the property to Church for the allegedly agreed-upon sum of $400,000; and count III seeks unjust enrichment damages for improvements Church allegedly made to Owner’s property.

. Florida's statute of frauds generally requires that any contract for sale of real property is unenforceable unless in writing and signed by the party to be bound. § 725.01, Fla. Stat. (2006).

. In fact, nowhere in the record is there a copy of the alleged contract between Owner and the prospective purchaser.

. As mentioned, the trial court previously had denied Owner's equivalent motion seeking to strike Church's pleadings. "[A]n order that strikes the entirety of a claim is the equivalent of an order which dismisses, and either is final.” Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1282 (Fla. 3d DCA 1980).