# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-276
Lower Tribunal No. 19-24251
_____

**Magdiel Morales, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Behnejad Law PLLC, and Ruzy Behnejad and Richard Rafuls, for appellants.

Lewis Brisbois Bisgaard & Smith LLP, and Kathryn L. Ender, for appellee.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

HENDON, J.

Magdiel Morales and Lissandra Fournier ("the Homeowners"), appeal from a final summary judgment in favor of Citizens Property Insurance Corporation ("Citizens"). We reverse.

The Homeowners' property is insured by Citizens. In 2017, the property was allegedly damaged by Hurricane Irma. The Homeowners timely filed a claim with Citizens. Citizens sent its adjuster to inspect the property, and Citizens subsequently denied the claim. The claim rejection letter explained that Citizens' policy does not cover damages caused by wear and tear, but provides coverage for "direct physical loss to property described in Coverages A and B only if that loss is a physical loss to property" and excludes coverage for loss caused by "[r]ain, snow, sleet, sand or dust to the interior of a building," and that there is no coverage "unless a covered peril first damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening."

The Homeowners filed a complaint against Citizens for breach of contract. Citizens moved for summary judgment. At the hearing on Citizens' motion for summary judgment, Citizens submitted the affidavit of its expert civil engineer, Enrique Matta, who concluded upon his inspection of the property that there were no storm-created openings in the property

2

roof.  The Homeowners engaged Steven Delgado, a licensed contractor, to inspect the property and provide expert testimony in the case.  Mr. Delgado filed his affidavit in opposition to summary judgment, his inspection report, photos, as well as his extensive resumé. In his affidavit, Mr. Delgado stated, in pertinent part,

> Insured's Property is a single-family home. The roof consisted of a wood-framed structure, covered with asphaltic shingles. During a hurricane, severe winds can lift shingles and flashings causing damage to the underlayment in the form of small openings which allow of water to enter the property. These high winds can also break the seals which fasten the shingles together, which can similarly cause wind created openings in the underlayment, leading to rainwater intrusion.

> During my inspection and review of the claim documents referenced in Paragraph 5 of this affidavit, I observed significant damage to the roofing system and significant water intrusion through the roof. I observed loose shingles which were most likely damaged during Hurricane Irma allowing for high winds and airborne debris to create small openings allowing for water intrusion. My observations are consistent with roof damage caused by a severe windstorm event such as Hurricane Irma.

Citizens argued that Mr. Delgado was not qualified to evaluate the roof damage.[1]  The trial court subsequently rejected the Homeowners' expert, reasoning that, as a general contractor, Mr. Delgado was not qualified to provide expert testimony as to causation, and who merely opined that Hurricane Irma's winds were sufficient to lift and crack the

---

[1] Interestingly, Mr. Delgado was certified in 2011 by Citizens with an Advanced Wind Mitigation Inspection Certification.

3

property's roof shingles and allow water to enter the property's interior. The trial court granted summary judgment for Citizens, and the Homeowners appeal followed.

Our standard of review of a final summary judgment order is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Moreover, in reviewing a summary judgment, this Court must view the evidence in the light most favorable to the non-moving party. Tropical Glass & Constr. Co. v. Gitlin, 13 So. 3d 156, 158 (Fla. 3d DCA 2009).

Discussion

Citizens, as the party moving for summary judgment, had the burden "to demonstrate that the facts showed that the party moved against cannot prevail." Alfre Marble Corp. v. Twin Stone Designs & Installations, Inc., 44 So. 3d 193, 194 (Fla. 3d DCA 2010) (quoting Fla. E. Coast Ry. Co. v. Metro. Dade Cnty., 438 So. 2d 978, 980 (Fla. 3d DCA 1983)). If Citizens could establish that there were no genuine issues of material fact, then the Homeowners had to come forward with counterevidence sufficient to create a genuine issue of material fact.[2]  See id.  Here, that genuine issue of

---

[2] The Florida Supreme Court recently amended Florida Rule of Civil Procedure 1.510(c), adopting the summary judgment standard of Celotex Corp. v. Catrett, 477 U.S. 317 (1986). See In re: Amends. to Fla. R. Civ. P.

material fact is whether hurricane force winds created openings in the roof to allow water to enter the interior, creating damage that is covered by the Homeowners' windstorm policy. "If the record on appeal reveals the merest possibility of genuine issues of material fact, or even the slightest doubt in this respect, the summary judgment must be reversed." Piedra v. City of N. Bay Vill., 193 So. 3d 48, 51 (Fla. 3d DCA 2016).

In Frederick v. Citizens Property Insurance Corp., 314 So. 3d 539, 540 (Fla. 3d DCA 2020), a case very much on point with the current appeal, this Court explained:

> In this breach of insurance contract action, Bessie Frederick (the "insured") appeals from the trial court's entry of summary judgment in favor of Citizens Property Insurance Corporation (the "insurer"). After a de novo review, we find that disputed issues of material fact exist as to the cause of the loss, and reverse.
>
> After a thunderstorm in November 2015, the insured's home sustained damage from rainwater that came in through the roof. Following a denial of coverage, the insured filed the instant action seeking coverage for her claim. In moving for summary judgment, the insurer relied upon its engineer's report and affidavit, which ultimately determined that the roof leaks were caused by wear and tear of the roof, as well as deposition testimony of the insured's general contractor. The insured

---

1.510, 309 So. 3d 192 (Fla. 2020); Fla. R. Civ. P. 1.510(a) ("The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard."). However, as the effective date of the amendment was May 1, 2021, and the summary judgment in this case was rendered on December 21, 2020, the new standard does not apply to this appeal.

opposed summary judgment relying on an affidavit, inspection report, and deposition of its general contractor, who ultimately concluded that the roof leaks resulted from micro fissures in the roof caused by strong wind gusts and wind-driven rain during the November 2015 thunderstorm. The trial court determined that the evidence relied upon by the insured was insufficient to withstand summary judgment as to whether a covered peril caused an opening in the building's roof and entered final judgment in favor of the insurer.

After thorough examination of the record, we find that the insured met her burden of showing the existence of a triable issue as to the cause of her loss. See Garcia v. First Cmty. Ins. Co., 241 So. 3d 254, 257-58 (Fla. 3d DCA 2018) (holding summary judgment inappropriate where findings of insurer's expert–that roof leak was caused by combination of age-related deterioration, tree branch abrasions, and construction defect– and conclusions of insured's expert–that roof leak was caused by wind event–were "clearly at odds"); see also Ortega v. Citizens Prop. Ins. Corp., 257 So. 3d 1171, 1173 (Fla. 3d DCA 2018) (finding homeowner's counterevidence sufficient to create disputed issues of material fact as to whether covered peril caused opening in roof of her home, allowing rainwater to enter and damage home's interior).

Accordingly, we reverse and remand for further proceedings in conformity with this opinion.

(emphasis added).

The facts in this appeal are no different. The Homeowners' expert provided sufficient evidence to introduce a genuine issue of material fact regarding the cause of the property damage. The trial court appeared to weigh the evidence rather than determine whether a genuine issue of material fact existed. Alvarez v. Citizens Prop. Ins. Corp., 328 So. 3d 61, 63 (Fla. 3d DCA 2021). We conclude on de novo review of the record that

6

the trial court improperly granted summary judgment in favor of Citizens. We therefore reverse and remand for further proceedings consistent herewith.

Reversed and remanded.