ORFINGER, Judge.
This appeal is from a summary final judgment in favor of defendants below, entered in an action seeking rescission and cancellation of a lease and option to purchase on the grounds of fraudulent misrepresentation, and damages resulting from such alleged fraud. Appellants contend that genuine issues of fact exist for trial and that the entry of a summary final judgment was error. We agree and reverse.
The lease and option to purchase involved property on which appellees, as sellers, raised tomatoes. In the negotiations, appel-lees presented certain income and expense *403 figures to appellants for the 1978-1979 growing season, which the record indicates to be from September, 1978, to May, 1979. When appellants took possession and cultivated the property during the 1979-1980 season, the return therefrom led them to the conclusion that the sellers had misrepresented the 1978-1979 income and expenses, and this action followed.
The affidavits and depositions relied on by appellees to support the summary judgment clearly indicate income and expenses either not shown on the list relied on by appellants, or include these items for portions of the calendar years 1978 and 1979 which are outside of the portions of those years which constitute the crop year. Thus it is not at all clear, for summary judgment purposes, that no genuine issue of fact exists as to the alleged misrepresentations. The party moving for a summary judgment has the initial burden of conclusively demonstrating the non-existence of a genuine issue of material fact and that he is entitled to a summary judgment as a matter of law. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). Only when he has met this initial burden is it then incumbent on the non-moving party to come forward with opposing evidence. Landers v. Milton, 370 So.2d 368 (Fla. 1979). Here, not only was there a question of allocation of income and expense to the proper crop year, but the income and expenses shown on appellees’ tax return were not the same as reflected on the statement relied on by appellants. The effect of the differences, the inferences arising therefrom and their materiality, were matters which should have been submitted to the trier of fact. Appellant complained of fraudulent misrepresentations.
The issue of fraud is not ordinarily a proper subject for summary judgment because, being a subtle matter, fraud requires a .full explanation of the facts and circumstances of the alleged wrong to permit a determination whether they collectively constitute fraud ... and for that reason such a determination is seldom one that can be made in a legally sufficient manner without a trial.
Nessim v. DeLoache, 384 So.2d 1341, 1344 (Fla. 3d DCA 1980).
The summary final judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.