469 So.2d 955 (1985)
BRAIDI TRADING COMPANY, a Foreign Corporation, Appellant,
v.
ANTHONY R. ABRAHAM ENTERPRISES, INC., a Florida Corporation, Appellee.
No. 84-2278.
District Court of Appeal of Florida, Third District.
June 4, 1985.
Brumer, Cohen, Logan & Kandell and Kenneth R. Duboff, Miami, for appellant.
Anderson, Moss, Russo & Gievers, Daniels & Hicks and Barbara Singer, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellant Braidi Trading Company appeals an adverse summary judgment entered *956 in an action filed by it against Anthony R. Abraham Enterprises, Inc. and others not parties to this appeal. The issue in this appeal is whether there existed genuine issues of material fact precluding the entry of summary judgment as a matter of law.
The facts giving rise to this appeal may be briefly stated as follows. Braidi Trading Company entered into a contract to purchase five ambulances from Anthony Abraham Export, Inc. The contract was established through a series of telexes between Braidi Trading Company's president and Philip Jabra, a salesman for Anthony Abraham Export, Inc. Philip Jabra had signed the telexes, "Philip Jabra Anthony Abraham Chevrolet." At the time the circumstances leading to the complaint arose, Anthony R. Abraham Enterprises, Inc. was known as Anthony Abraham Chevrolet Company, Inc. However, suit was brought against the company under its current name (Anthony R. Abraham Enterprises, Inc.). Anthony Abraham Export, Inc. was to deliver the ambulances conforming to certain material specifications. Anthony Abraham Export, Inc. prepared an invoice of sale which was signed by Nabil Achkar in his capacity as manager of such company. Braidi Trading Company paid for the ambulances by letter of credit.
The ambulances which were delivered to Braidi Trading Company did not meet the required specifications. Braidi Trading Company sued Anthony R. Abraham Enterprises, Inc. for breach of contract, breach of express warranty, tortious breach of contract, intentional misrepresentation, civil conspiracy and a statutory violation.
Anthony R. Abraham Enterprises, Inc. answered Braidi Trading Company's complaint and subsequently filed a motion for summary judgment. It offered the affidavit of Anthony Abraham in his capacity as president of Anthony R. Abraham Enterprises, Inc. Mr. Abraham stated that the company and its representatives had never entered into a contract with Braidi Trading Company. Braidi Trading Company filed no counter-affidavit, relying instead on the depositions of Mr. Achkar and Mr. Abraham. Mr. Achkar stated that he and Mr. Jabra were employed by both Anthony Abraham Export, Inc. and Anthony Abraham Chevrolet Company, Inc. Mr. Achkar further stated that when cars were sold for overseas, they went through the export company and when they were sold locally, they went through the Chevrolet company. Mr. Abraham said in his deposition that he was president of both Anthony Abraham Chevrolet Company, Inc. and Anthony Abraham Export, Inc., that Mr. Achkar and Mr. Jabra were employed by both such companies and that Anthony Abraham Export, Inc. was a subsidiary of Anthony Abraham Chevrolet Company, Inc. The trial court held there was no genuine issue of material fact as to Braidi Trading Company's claim against Anthony R. Abraham Enterprises, Inc. and entered summary judgment against Braidi Trading Company.
Braidi Trading Company contends the trial court failed to take into consideration that Mr. Achkar, Mr. Jabra and Anthony Abraham Export, Inc. were acting as agents for Anthony R. Abraham Enterprises, Inc. and that a genuine issue of material fact was present as to the existence of such agency relationships. We agree and reverse the summary ruling of the trial court.
It is a well settled rule that a summary judgment should only be granted in the complete absence of any genuine issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Florida East Coast Railway Co. v. Metropolitan Dade County, 438 So.2d 978 (Fla. 3d DCA 1983). If the existence of such issues or the possibility of their existence is reflected in the record, or the record raises even the slightest doubt in this respect, the judgment must be reversed. Florida East Coast Railway Co. v. Metropolitan Dade County, 438 So.2d at 980; Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979); Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977).
In this cause, the possibility that Anthony Abraham Export, Inc., Mr. Jabra *957 and Mr. Achkar were acting as agents for Anthony Abraham Chevrolet Company, Inc. is raised by a number of facts. First, Mr. Achkar and Mr. Jabra admittedly were employed both by Anthony Abraham Chevrolet Company, Inc., as well as by Anthony Abraham Export, Inc. Second, Mr. Jabra signed the telexes, "Philip Jabra Anthony Abraham Chevrolet". Third, Anthony Abraham Export, Inc. was a subsidiary of Anthony Abraham Chevrolet Company, Inc., both companies were in the business of selling vehicles, and Anthony Abraham was president of both. These facts, taken together, raise the possibility that Mr. Jabra, Mr. Achkar and Anthony Abraham Export, Inc. were acting as agents for Anthony Abraham Chevrolet Company, Inc. The existence of an agency relationship is a question to be determined by the trier of fact in accordance with evidence adduced at trial. Scott v. Sun Bank of Volusia County, 408 So.2d 591 (Fla. 5th DCA 1981); Amerven, Inc. v. Abbadie, 238 So.2d 321 (Fla. 3d DCA 1970).
The record on appeal discloses that there are genuine issues of material fact which have not been eliminated by the movant for summary judgment. Accordingly, the judgment appealed is reversed.
Reversed.