514 So.2d 425 (1987)
Georgina CARBAJO, Appellant,
v.
CITY OF HIALEAH, Appellee.
No. 86-2941.
District Court of Appeal of Florida, Third District.
November 3, 1987.
Martin M. Dernis and Howard Horowitz, Miami, for appellant.
Walton, Lantaff, Schroeder & Carson and Robert L. Teitler, Miami, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
HENDRY, Judge.
Plaintiff, Georgina Carbajo, appeals a final summary judgment entered in favor of defendant, the City of Hialeah, in a negligence action for damages plaintiff sustained when she fell through a covering into a septic tank. In its motion for summary judgment, defendant argued that plaintiff was a trespasser, therefore, the only duty defendant owed plaintiff was to avoid willful and wanton harm to her, and upon discovery of her presence, to warn her of known dangers not open to ordinary observation. Wood v. Camp, 284 So.2d 691 (Fla. 1973). Defendant claimed, and the trial court agreed, that no evidence was presented in the record to indicate that the city knew of either plaintiff's presence on the land or the existence of a dangerous condition. We disagree.
A summary judgment should be granted only when there is a complete absence of genuine issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Braidi Trading Co. v. Anthony R. Abraham Enterprises, Inc., 469 So.2d 955 (Fla. 3d DCA 1985). Special caution should be exercised in granting summary judgments in negligence cases; they should not be granted unless the facts are so crystallized that nothing remains but questions of law. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl, 191 So.2d at 46. If the record on appeal reveals the possibility of genuine issues of material fact, or even the slightest doubt in this respect, the summary judgment should be reversed. Braidi Trading Co., 469 So.2d at 956.
*426 After a careful review of the record on appeal, briefs, and oral arguments in the light most favorable to the plaintiff, we find genuine issues of material fact existed to preclude the entry of a summary judgment. The record reveals that a number of facts are disputed regarding plaintiff's status and defendant's duty to plaintiff, including whether: 1) the dangerous condition in fact existed on defendant's land, 2) defendant knew of plaintiff's presence on defendant's land, 3) defendant actually knew of the dangerous condition on its premises, 4) the dangerous condition was not open to ordinary observation, and 5) defendant breached its duty to warn plaintiff of the dangerous condition. Collom v. Holton, 449 So.2d 1003, 1005 (Fla. 2d DCA 1984). Accordingly, we reverse the final summary judgment entered against plaintiff and remand the cause for further proceedings consistent with this opinion.
Reversed and remanded.