PER CURIAM.
We reverse the summary final judgment. The movant has not conclusively demonstrated the absence of factual disputes as to: a) whether McClendon was acting as an authorized agent of L. V. McClendon Kennels, Inc. in the booking contract; Braidi Trading Co. v. Anthony R. Abraham Enter., 469 So.2d 955 (Fla. 3d DCA 1985); b) whether McClendon, personally, or on behalf of L. V. McClendon Kennels, Inc., established a business relationship with E. 0. L. Greene and Pearl Greene, his wife, under which McClendon Kennels, Inc. had legal rights; and c) whether the track was a third party to such an association so that a claim for unlawful interference with a business relationship could be asserted against it. See United of Omaha Life Ins. Co. v. Nob Hill Assocs., 450 So.2d 536 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla.1984); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), review denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981).
For the foregoing reasons, the summary final judgment under review is reversed and remanded for further proceedings.