610 So.2d 46 (1992)
Rosario RAMOS and Ramon Ramos, and Dolgencorp, Inc., d/b/a Dollar General Stores, Inc., a Kentucky corporation, Appellants,
v.
WRIGHT SUPERIOR, INC., Appellee.
Nos. 91-2611, 91-2374.
District Court of Appeal of Florida, Third District.
December 8, 1992.
*47 Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane and Paul H. Field and Patrice Talisman, Miami, Friedman & Friedman, Coral Gables, Daniels & Talisman, Miami, for appellants.
Hinshaw & Culbertson, Elizabeth Russo, Miami, for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
Rosario and Ramon Ramos, and Dolgencorp, Inc., appeal final summary judgments in favor of Wright Superior, Inc. We reverse.
Rosario Ramos slipped on a puddle of water in a Dollar General Store and fell. The water had leaked from the store's air conditioner. Dolgencorp, Inc., operated the store, and store employees had mopped the floor the previous evening. Dolgencorp's maintenance contract with Wright Superior, Inc., provided for periodic preventive maintenance inspections of its air conditioning units. Five days before Rosario fell, Dolgencorp had called Wright Superior to service the leaking unit; Wright Superior made the repair. The evidence regarding the presence of barricades in the area of the leak on the morning Rosario fell was in conflict.
Rosario, and her husband, Ramon [collectively "Ramos"], sued Dolgencorp for damages caused by the store's negligent failure to maintain the premises. Ramos also sued Wright Superior, for damages caused by its failure to maintain and repair the air conditioner. Dolgencorp filed a crossclaim against Wright Superior, seeking indemnification and contribution pursuant to the contract.
Wright Superior filed motions for summary judgment against Ramos and Dolgencorp. In opposition to the motions, Dolgencorp filed the affidavit of an engineering expert, who asserted that Wright Superior did not adequately inspect and repair the unit, and the affidavit of a Dolgencorp manager, who stated that the maintenance contract was in force when Rosario's accident occurred and that it was not Dolgencorp's policy to permit water to remain on the floor. Dolgencorp also filed the deposition of the store's manager, detailing the store's policies and procedures regarding water on the floor. Ramos filed the deposition of a Wright Superior employee. The *48 trial court denied Wright Superior's motions.
Wright Superior again filed motions for summary judgment against Ramos and Dolgencorp arguing that Dolgencorp's conduct was a superseding, intervening cause of Ramos's damages. The trial court granted the motions on the grounds that Dolgencorp's actions relieved Wright Superior of liability and entered summary judgments in Wright Superior's favor.
It is well settled that summary judgment is proper only when there is a complete absence of genuine issues of material fact. Braidi Trading Co. v. Anthony R. Abraham Enter., Inc., 469 So.2d 955, 956 (Fla. 3d DCA 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Summary judgment should be cautiously granted in negligence and malpractice suits, Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985), and the moving party must conclusively demonstrate the absence of any genuine issue of material fact, with every possible inference drawn in favor of the party against whom summary judgment is sought. Moore, 475 So.2d at 668; Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Holl, 191 So.2d at 40.
The record in this case, when viewed in the light most favorable to Ramos and Dolgencorp  the non-moving parties  reveals unresolved genuine issues of material fact regarding the conditions in the store at the time of the accident. These conflicts, the question of causation, and an issue as to whether Dolgencorp's conduct was an intervening cause relieving Wright Superior of liability, permit varying reasonable inferences and present questions of fact that should be determined by a jury. Moore, 475 So.2d at 668; Williams v. City of Lake City, 62 So.2d 732 (Fla. 1953).
Summary judgment must be reversed if there is even the slightest doubt as to the existence of issues of fact. Braidi, 469 So.2d at 956; Florida East Coast R.R. v. Metropolitan Dade County, 438 So.2d 978, 980 (Fla. 3d DCA 1983). Accordingly, we reverse the summary judgments and remand for further proceedings.
Reversed and remanded.