PER CURIAM.
This is an appeal by the respondent M.R. from an adjudication of delinquency and dispositional order for the offense of simple battery. The sole point on appeal is that the trial court erred in denying the respondent’s motion for judgment of acquittal. We affirm based on a holding that the testimony of the arresting police officer, Juan Gonzalez of the City of Miami Police Department, constituted sufficient circumstantial evidence upon which a trier of fact could conclude beyond a reasonable doubt that the respondent committed a battery upon the officer.
Officer Gonzalez testified that while he was walking a police beat in the Coconut Grove area of Miami at 3:00 a.m., he happened to turn his head toward the rear and saw the respondent seven to ten feet away in the midst of a throwing motion at “the tail end of a throw” (Tr. 6). He further testified that immediately thereafter “when I was looking at [respondent], I got hit in the head with what I believe was a rock. It felt like a rock. And I heard the rock hit the ground, and it sounded like a rock,” (Tr. 6), resulting in a bump on the right side of the officer’s forehead. Although (1) the respondent denied throwing a rock at the officer and so testified below, as did three of his friends who were with him at the time, and (2) the officer did not actually see a rock or missile in respondent’s hands, we conclude that the officer’s testimony constituted sufficient circumstantial evidence upon which to predicate the finding of delinquency for the offense of simple battery. State v. Law, 559 So.2d 187, 189 (Fla.1989); Toole v. State, 472 So.2d 1174, 1176 (Fla.1985).
Affirmed.