PER CURIAM.
Lessors claim the trial court erred in granting summary judgment on liability in favor of lessee and its insurance company for property damage sustained by lessee. We reverse the order under review.
American Specialty Insurance Company, insurer for the lessee clothing store Roma-noff, Inc., and Romanoff, Inc. (Romanoff) brought this action against Terremark Restaurants, Inc., d/b/a Monty’s Stone Crab (Monty’s), Tom Harris Plumbing, and lessors, Mayfair I and II, Inc. and Mayfair III, Inc. a/k/a Mayfair in the Grove d/b/a Mayfair Shops in the Grove (Mayfair), seeking damages for negligent maintenance of the plumbing system in Mayfair, including but not limited to the plumbing above Romanoff. A pipe above Romanoff had exploded causing damage in the shop. Mayfair filed cross-claims against Monty’s for contractual and common law indemnification and contribution, and against Tom Harris for contribution. Additionally, Mayfair filed counterclaims against American Specialty and Romanoff for breach of contract based upon the lease agreement between Romanoff and Mayfair. Thereafter, Romanoff filed a motion for partial summary judgment. After hearing, the trial court entered an order granting Roma-noff’s motion for partial summary judgment as to the issue of liability.
According to Romanoff, the subject rupture occurred when the plumbing at Monty’s backed up, causing Monty’s to call Tom Harris to repair the problem. Tom Harris appeared at Monty’s and while attempting to fix the problem, a pipe burst, resulting in the alleged water damage.
A summary judgment should be granted only when there is a complete absence of genuine issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966). Here, considering the lack of evidence on the allegation of negligent maintenance and considering the questions of material fact as to the parties’ actions and obligations, summary judgment should not have been ordered. See Carbajo v. City of Hialeah, 514 So.2d 425 (Fla. 3d DCA1987); Clark v. Lumbermans Mut. Ins. Co., 465 So.2d 552 (Fla. 1st DCA), review denied, 476 So.2d 673 (Fla.1985).
Accordingly, the order under review is reversed and the cause remanded for further proceedings.