674 So.2d 184 (1996)
Georgina DELANDRO, Appellant,
v.
AMERICA'S MORTGAGE SERVICING, INC., f/k/a First Family Mortgage Corp. of Fla., Appellee.
No. 95-1231.
District Court of Appeal of Florida, Third District.
May 22, 1996.
*185 Robert B. Smith, Gainesville; Richard E. Basha, Miami, for appellant.
Joseph M. Paniello and Clay A. Holtsinger, Tampa, for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
COPE, Judge.
Georgina Delandro appeals a summary final judgment of foreclosure. We reverse.
Delandro is the borrower on a mortgage loan on her home. The borrower has been paying on this mortgage since 1979.
In September 1993, the borrower, a nurse who has a disabled husband, fell into arrears on the mortgage. According to her pro se answer to the foreclosure complaint, she tendered a cashier's check in payment in November 1993, which was refused. She tendered another check in payment on January 3, 1994, which was also refused.
In February 1994, the lender filed a foreclosure complaint. In paragraph 11 of the foreclosure complaint, the lender stated that it was declaring the full amount payable under the note and mortgage to be due, thus exercising its option to accelerate the entire principal sum. The borrower filed a pro se answer in which she asserted in substance the defense of payment, namely that she had tendered the amounts to bring the mortgage current but the lender wrongfully refused to accept payment. Ultimately the lender filed a bare-bones motion for summary judgment. *186 The trial court entered a summary judgment of foreclosure and this appeal follows.[1]
On a motion for summary judgment, the moving party bears the burden to show the nonexistence of any disputed issues of material fact. See Ramos v. Wright Superior, Inc., 610 So.2d 46, 48 (Fla. 3d DCA 1992). Where, as here, the nonmoving party has asserted matters by way of affirmative defense, it is the responsibility of the moving party, in this case the lender, to demonstrate that there is no disputed issue of material fact with respect to the affirmative defenses. See Haven Federal Savings & Loan Assoc. v. Kirian, 579 So.2d 730, 733 (Fla.1991). Further, on a motion for summary judgment the record must be viewed in the light most favorable to the nonmoving party. See Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985).
As a matter of substantive law, it is a good defense to foreclosure on an accelerated basis that "the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee's election to accelerate has been given (by actual notice or by filing suit to foreclose for the full amount of the mortgage indebtedness)...." Campbell v. Werner, 232 So.2d 252, 256 (Fla. 3d DCA 1970) (footnote omitted); Kendall Coffey, Florida Foreclosures §§ 5.02-.03, at 38-40 (1995), and cases cited therein.
The mortgage note in this case allowed the lender the option to accelerate when the mortgage was in default, but acceleration was not automatic. Consequently it was necessary for the lender to take some affirmative step to accelerate the mortgage. Pici v. First Union National Bank, 621 So.2d 732, 733-34 (Fla. 2d DCA), review denied, 629 So.2d 132 (Fla.1993). The complaint in this case indicates that the acceleration took place on February 9, 1994, when the lender filed the mortgage foreclosure complaint and stated, in paragraph 11, that "Plaintiff declares the full amount payable under the note and mortgage to be due."
The borrower's pro se answer stated that on two occasions she had tendered payment to the lender, in November 1993 and in January 1994. On both of those dates the mortgage had not yet been accelerated. The pro se answer also asserts that the lender had impermissibly assessed late charges on this account when the payments were not late. While the November 1993 payment may have been short and properly refused, the amount recited for the January 1994 payment exceeded the amount necessary to cover principal and interest for the period of the default and, reading the record in the light most favorable to the borrower, represented the borrower's calculation of all amounts necessary to bring the mortgage current, including late charges.
The lender in this case simply filed a conclusory motion for summary judgment which failed entirely to address the borrower's defense that she had, in fact, tendered the appropriate amounts prior to the acceleration of the mortgage. Under well-settled summary judgment principles, it was the obligation of the lender to demonstrate that there were no disputed issues of material fact with respect to the defenses put forward by the borrower. Here, the motion for summary judgment never addressed the tenders of payment by the borrower in November 1993 and January 1994, or the calculation of late charges, nor did the motion demonstrate why the borrower's tenders of payment were not sufficient to bring the mortgage current. See Duke v. Reed, 396 So.2d 1218, 1219 (Fla. 3d DCA 1981) (summary judgment improper where question remains if tender was made prior to acceleration).
This court has also said that foreclosure may be refused "where there was intent to make timely payment, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period." Campbell v. Werner, 232 So.2d at *187 256-57 (footnote omitted). In this case the borrower claims to have tendered the outstanding amounts prior to acceleration. The January 1994 amount clearly exceeded the amount necessary to cover principal and interest since the date of default. The only conceivable reason that the payment might have been returned was if the lender contended that the amount did not cover late charges. If, as the borrower asserted, the lender had assessed late charges which were not owed, or if the lender in refusing the tender failed to disclose the correct figures, then foreclosure should have been refused under Campbell v. Werner.[2]
In sum, the lender failed to meet its burden in this case to file a motion for summary judgment which addressed the affirmative defenses raised by the borrower.[3] The summary final judgment is therefore reversed and the cause remanded for further proceedings so that the borrower will have a fair opportunity to have her defenses considered by the trial court.
GODERICH, J., concurs.
BARKDULL, Judge (dissenting).
I respectfully dissent.
My review of the record, and computing all the documents as to calculations in favor of the mortgagor, the amount tendered in January, 1994, would not have brought the mortgage current. Therefore I would affirm.
NOTES
[1] At earlier stages of the proceedings defaults were entered. The lender expressly disclaims any reliance on the defaults, and correctly argues that the sole issue on appeal is whether the summary judgment was properly entered.
[2] The record indicates that the lender assessed $1,109.00 in late charges. Under the wording of the mortgage it is difficult to see how a late charge of that magnitude is mathematically possible.
[3] It was therefore not necessary for the borrower to file an affidavit in opposition. See Campbell v. Sands, 404 So.2d 402, 403 (Fla. 5th DCA 1981).