675 So.2d 687 (1996)
BESCO USA INTERNATIONAL CORP., Appellant,
v.
HOME SAVINGS OF AMERICA FSB, etc., Appellee.
No. 95-1805.
District Court of Appeal of Florida, Fifth District.
June 21, 1996.
Kevin J. Wilcox of Gardner, Wilkes, Shaheen & Candelora, Tampa, for Appellant.
Peter N. Smith of Gurney & Handley, P.A., Orlando, for Appellee.
PETERSON, Chief Judge.
Besco USA International Corp. appeals a final summary judgment of foreclosure alleging that the trial court erred by ignoring issues of fact that remain, and as set forth in Besco's asserted affirmative defenses that were not conclusively rebutted. We vacate the judgment.
Michael and Angela Gaunt originally executed and delivered the subject mortgage to Home Savings of America, FSB. The Gaunts also became indebted to Besco and eventually offered to convey the property encumbered by the Home Savings' mortgage if Besco reduced their debt to it by $70,000. *688 Besco alleges that it contacted Home Savings to gain permission to assume the mortgage and that such permission was orally granted. Besco then accepted the conveyance and reduced the Gaunts' debt.
Prior to Besco's acceptance of the deed, however, the Gaunts had fallen behind in installment payments due to Home Savings. Home Savings eventually filed the instant foreclosure action based on default both for failure to make timely payments and the conveyance of the property in violation of paragraph 17 of the mortgage. Paragraph 17, a due-on-sale clause, provided:
(17) Transfer of the Property; Assumption. Acceleration Clause: Right of Lender to Declare All Sums Due on any Transfer, Etc. Lender shall have the right, at its option, to declare any indebtedness and obligations secured hereby, irrespective of the maturity date specified in any note or agreement evidencing the same, due and payable within 30 days after such declaration if: (a) Borrower ... sells, enters into a contract of sale, conveys or alienates such property....
Besco responded with affirmative defenses of estoppel and unclean hands stemming from Home Savings' alleged promise to allow Besco to assume the mortgage.
When Home Savings moved for summary judgment, Besco served opposing affidavits stating that it would not have reduced the Gaunts' debt by $70,000 but for the representation by Home Savings that it would be allowed to assume the loan and that Besco had offered to cure the default in payments but it was told by Home Savings that payment to bring the mortgage current was not necessary at that time since the loan was to be assumed. The trial record does not reflect that Home Savings specifically addressed the affirmative defense or the allegations of the affidavits. Home Savings does admit on appeal that it agreed to permit Besco to apply to assume the mortgage but denies that it agreed to permit Besco to actually assume it.
Documents obtained in discovery from Home Savings were also filed by Besco. These documents included notes of phone conferences and discussion both before and after the foreclosure was initiated. The notes reflect discussions and submission of documents relative to the assumption of the loan and offers to make the payments current. Some references are also made to discussions that distinguished between taking title subject to the mortgage and assuming the mortgage. Additionally, it appears that a written application for permission to assume the loan was made, but neither the date of submission nor the application is in the record. A cryptic note was made that the assumption was denied because of failure to submit two items.
A movant for summary judgment has a greater burden than a plaintiff at trial because the movant must prove a negative the nonexistence of a genuine issue of a material fact. Holl v. Talcott, 191 So.2d 40 (Fl.1966), cert. denied, 232 So.2d 181 (Fla. 1969). If the slightest doubt exists as to the presence of an issue of fact, then summary judgment cannot be granted. Fletcher Co. v. Melroe Mfg. Co., 261 So.2d 191, 193 (Fla. 1st DCA 1972); Carbajo v. City of Hialeah, 514 So.2d 425 (Fla. 3d DCA 1987). We must view every possible inference in favor of a party against whom a summary judgment has been rendered. Holl v. Talcott, supra.
Homes Savings' motion for summary judgment simply asserts a default in payments and violation of a due-on-sale clause. The documents produced in discovery, although unsworn, appear to qualify as business records, and taken with Besco's affidavits, raise issues of fact that remain unresolved. These issues must be resolved before summary judgment can dispose of this matter or the issues must be tried.
We vacate the final judgment of foreclosure and remand for further proceedings.
FINAL JUDGMENT VACATED; REMANDED.
W. SHARP and GOSHORN, JJ., concur.