COPE, J.
(dissenting).
Appellant Catherine Riggins was an American Express credit card holder. Under the terms of the credit agreement, Ms. Riggins was allowed to carry a balance on the account. American Express was obligated to send a bill each month so long as there was any balance on the account.
American Express terminated Ms. Rig-gins’ charge privileges. So far as pertinent here, in April 2002 American Express sent Riggins a statement which indicated that the total balance on her account was $17,217.40 and the minimum payment due was $1,348.94. Ms. Riggins paid $1,348.94.
In May American Express did not send a statement. Ms. Riggins requested a statement but American Express failed to respond. In June the same occurred.
Thereafter American Express filed suit against Ms. Riggins and in the complaint accelerated the balance due. The problem, however, is that Ms. Riggins had brought the account current in April by paying the demanded sum of $1,348.94.
In the context of mortgage foreclosures we have said:
As a matter of substantive law, it is a good defense to foreclosure on an accelerated basis that “the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee’s election to accelerate has been given (by actual notice or by filing suit to foreclose for the full amount of the mortgage indebtedness).... ”
Delandro v. America’s Mortg. Servicing, Inc., 674 So.2d 184, 186 (Fla. 3d DCA 1996) (citations omitted). See also River Holding Co. v. Nickel, 62 So.2d 702, 703-04 (Fla.1952); Pici v. First Union National Bank, 621 So.2d 732, 733 (Fla. 2d DCA 1993).
American Express contends that once the account went into default, it could accelerate at any time — even if the card holder brought the account current. That is not the law. American Express sent Ms. Riggins a statement which called for a minimum payment of $1,348.94. American Express did not send a statement demanding payment of the full amount. Just as American Express wants Ms. Riggins to obey the cardholder agreement, so also must American Express obey the agreement. It did not do so. The summary judgment should be reversed.*

 Ms. Riggins is entitled to prevail at this point only because American Express did not prop *8 erly accelerate. Naturally Ms. Riggins still owes the outstanding balance on the credit card, with interest. American Express may resume billing in accordance with the cardholder agreement and, of course, may accelerate if there is another default.