905 So.2d 979 (2005)
Ruquyya COPELAND, Appellant,
v.
FLORIDA NEW INVESTMENTS CORP. and John Walters, Appellees.
No. 3D03-2801.
District Court of Appeal of Florida, Third District.
June 29, 2005.
Law Offices of Scott Alan Orth and John L. Penson, for appellant.
Wilson, Suarez & Lopez, for appellee Florida New Investments Corp.
John Walters, in proper person.
Before WELLS, SHEPHERD, and SUAREZ, JJ.
SUAREZ, J.
Appellant/Plaintiff, Ruquyya Copeland ("Copeland"), appeals a Final Summary Judgment entered against her. Copeland raises three issues in her appeal, only one of which needs to be addressed. She claims the trial court erred in entering summary judgment as there remain genuine issues of material fact. We affirm in part and reverse in part.
This convoluted case arises out of a transaction for the purchase and sale of real property. Copeland alleges in her Amended Complaint that Florida New Investments *980 ("FNI") and John Walters ("Walters"), individually, wanted to purchase property owned by her, and convinced her to execute two quitclaim deeds, one from Copeland to Florida New Investments and one from Florida New Investments to Copeland. Copeland claims that Walters represented that neither of the quitclaim deeds would be recorded until the transaction was consummated. The sale was not consummated and FNI recorded the quitclaim deed from Copeland to FNI. Copeland then brought a two-count amended complaint to quiet title and cancel the quitclaim deed and for damages for fraud.
This litigation has followed a very tortuous and unnecessary path due to the filings and alleged actions of the parties. The record shows that the trial judge labored diligently to attempt to resolve the myriad of issues and motions that have arisen.
A summary judgment should be granted only when there is a complete absence of genuine issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966). If a record reveals the possibility of genuine issues of material fact, or even the slightest doubt, summary judgment should be denied. Besco USA Int'l v. Home Savings of America FSB, 675 So.2d 687 (Fla. 5th DCA 1996); see Carbajo v. City of Hialeah, 514 So.2d 425 (Fla. 3d DCA 1987). In reviewing the record and the affidavits filed by both Walters and Copeland throughout this litigation, we find that there are genuine issues of material fact to be resolved by the trier of fact. Therefore, we reverse and remand on those grounds.[1] We affirm the trial court's July 31, 2002 order setting aside the Final Default Judgment.
Affirmed in part, reversed in part and remanded.
NOTES
[1] We need not address the issue of whether or not Copeland received notice of the summary judgment hearing as that issue is now moot.