983 So.2d 1242 (2008)
INGER SOFE SAVAS BERKOW, et al., Appellants,
v.
Nina ISAEVNA, et al., Appellees.
No. 3D06-2920.
District Court of Appeal of Florida, Third District.
June 25, 2008.
*1243 Jay B. Verona, and Jason M. Ellison, St. Petersburg, for appellants.
Wasson and Associates, and Roy D. Wasson, and Annabel C. Majewski; Scott M. Sandler, Miami, for appellees.
Before GREEN, SUAREZ, and CORTIÑAS, JJ.
PER CURIAM.
The Appellants, Counter-Petitioners in a dispute over an estate that has escheated to the State of Florida, appeal an order that denied their motion for summary judgment, granted the Appellees/Petitioners final summary judgment, and awarded Petitioners the escheated funds. We reverse.
The record demonstrates that there were genuine issues of material fact regarding whether the Appellees were legitimate heirs of the decedent. Hence, the court erred in granting summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985); Copeland v. Fla. New Invs., Corp., 905 So.2d 979, 980 (Fla. 3d DCA 2005). The Appellants had presented affidavits asserting that all of the decedent's heirs above them in the statutory hierarchy had died, § 732.103, Fla. Stat. (2004), arguably entitling them to the funds. They had also presented affidavits challenging the legitimacy of the Appellees as heirs. These issues of fact cannot be resolved on summary judgment. Moreover, on summary judgment the court cannot weigh testimony or make factual findings. Deakter v. Menendez, 830 So.2d 124 (Fla. 3d DCA 2002). Therefore, the court erred in entering the orders on appeal here.
Summary judgment reversed.