ROTHENBERG, J.
 

 The plaintiff, Naranja Princeton Community Development Corporation (“NPCDC”), appeals from a final judgment entered in favor of the defendants, Cornerstone Development Group, Inc. and Tuscany Place Associates, Ltd. We affirm.
 

 NPCDC contends that the trial court erred by issuing the order setting the cause for trial commencing February 11, 2008, and by proceeding with the final hearing. NPCDC claims that the cause was not at issue because Tuscany Place Associates, Ltd.’s motion to dismiss, dated May 17, 2006, was pending. The record, however, does not support NPCDC’s position.
 

 Florida Rule of Civil Procedure 1.440(a), titled “When at Issue,” provides that “[a]n action is at issue after any motions
 
 directed to the last pleading served
 
 have been disposed of or, if no such motions are served, 20 days after service of the last pleading.... ” Here, the “last pleading served” was the defendants’ answer, and when the trial court issued the order setting the cause for trial, no motion directed to the defendant’s answer was pending. Therefore, the trial court did not err by issuing the order setting the cause for trial commencing on February 11, 2008.
 

 NPCDC also contends that the trial court erred by setting the action for a non-jury trial because its civil cover sheet indicated that it was requesting a jury trial. In support, NPCDC argues in its initial brief that “[i]n Miami-Dade County
 
 *126
 
 Circuit Court a civil cover sheet signed by the attorney filing the complaint is required to be submitted with the filing of each new complaint.
 
 At the bottom of the cover sheet the attorney selects jury or non-jury trial. NPCDC selected a jury trial
 
 .... ” (emphasis added). NPCDC’s argument, however, is a mis-charaeterization of the record. Although the plaintiff is required to file a civil cover sheet, the civil cover sheet filed by NPCDC simply asks the following question: “Is Jury Trial Demanded
 
 in Complaint
 
 ?” (underlining added). In response to the question, NPCDC marked the ‘Tes” box. Contrary to NPCDC’s contention, its attorney was not selecting a jury or non-jury trial; NPCDC’s attorney was merely noting whether a demand for jury trial was
 
 made in the complaint.
 

 [1]
 

 Florida law is clear. Pursuant to Florida Rule of Civil Procedure 1.430(b), a party may demand a jury trial in two manners. First,
 

 [a]ny party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.
 

 Second, “[t]he
 
 demand may be indorsed upon a pleading of the party.”
 
 Fla. R. Civ. P. 1.430(b) (emphasis added).
 

 In its cover sheet, NPCDC asserted that in its complaint NPCDC made a demand for a jury trial. However, a review of the complaint reflects that no such demand was made. Additionally, NPCDC failed to comply with rule 1.430(b), and therefore, waived its right to a jury trial.
 
 See
 
 Fla. R. Civ. Proc. 1.430(d) (“Providing that a party who fails to serve a demand as required by this rule waives trial by jury....”). We also conclude that even if NPCDC had made a proper demand for jury trial, NPCDC waived its right to argue on appeal that the trial court erred by setting the cause for a non-jury trial because it failed to object to the several orders setting the cause for a non-jury trial.
 

 NPCDC further claims that it did not receive the order setting the cause for trial commencing February 11, 2008. We note, however, that the order setting the cause for trial contains a certificate of service stating that a copy was mailed to NPCDC’s attorney, and that “[a] presumption of notice arises when a certificate of service indicates that pleadings and orders were mailed to counsel.”
 
 Depelisi v. Wishner,
 
 15 So.3d 808, 811 (Fla. 4th DCA 2009).
 

 As to NPCDC’s final contention, we merely note that the trial court properly denied NPCDC’s motion for summary judgment as genuine issues of material fact existed.
 
 See Holl v. Talcott,
 
 191 So.2d 40 (Fla.1966);
 
 Copeland v. Fla. New Invs. Corp.,
 
 905 So.2d 979, 980 (Fla. 3d DCA 2005).
 

 Affirmed.
 

 [1]
 

 . The civil cover sheet filed by NPCDC comports with Form 1.997, which provides in part: “The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.”