GROSSHANS, J.
In this appeal, Matthew Griffin challenges the final summary judgment entered by the trial court in favor of the Putnam County Sheriff's Office (Sheriff's Office) on Griffin's claim brought pursuant to section 112.3187 of the Florida Statutes (2015) (the Whistle-blower's Act). We affirm.
Griffin began working for the Sheriff's Office in 2009.[1] In April of 2014, Griffin executed a search warrant at a home located in Putnam County. Based upon statements made by certain individuals during the search, Griffin and his partner suspected that a fellow officer had warned the home's residents that a warrant would soon be executed there. Griffin and his partner reported their suspicions to a supervisor who appeared "displeased," informing them that they should come back only when they had stronger claims.
*931 In late June of that same year, Griffin received additional information that he believed strengthened his prior suspicions about his fellow officer. Within hours, he disclosed this new information to his supervisor who directed the allegations up the chain of command. An inquiry into the officer's actions commenced, and Griffin signed a confidentiality agreement as a witness in the investigation.
Roughly a week later, Griffin began recruiting an individual to assist in an unrelated drug investigation as a confidential informant. Concerned that the prospective informant's appearance at a dependency hearing would endanger her and undermine the drug investigation, Griffin appeared in person before the circuit court judge to ask that the prospective informant be excused from the hearing. While in court, Griffin appeared to represent that the prospective informant was, in fact, a confidential informant and under his protection. The judge called the Sheriff's Office after this hearing to inquire into Griffin's statements. Griffin was put on paid administrative leave later that day, and an investigation into his actions commenced in which all witnesses, including Griffin, were required to sign confidentiality agreements.
Homer Deloach, then a lead officer within the Sheriff's Office, was assigned to conduct the inquiry on both investigations. Deloach interviewed four people relevant to the search warrant incident and found the allegations against the accused officer unfounded. As to the investigation of Griffin, Deloach interviewed six people and ultimately sustained the allegations that Griffin had lied to a judge during the dependency hearing and also disclosed information to a close friend in violation of his confidentiality agreement.
Deloach included these findings in a report, which was forwarded to Griffin's District Commander. The District Commander recommended dismissal, and Griffin's Department Director and the Chief of Staff concurred.
At Griffin's request, a predetermination hearing was held to allow him to present a defense. Accompanied only by his father, Griffin attended the hearing and presented two written statements advancing his position. Ultimately, the three-member board conducting the hearing unanimously agreed with the disciplinary recommendation. The Sheriff later concurred in that recommendation, and Griffin was terminated on September 10, 2014.
Griffin timely filed a complaint alleging that he had been terminated in violation of the Whistle-blower's Act. The Sheriff's Office answered the complaint and subsequently filed a motion for summary judgment. After a hearing,[2] the trial court granted the motion, ruling that Griffin both failed to establish a prima facie case under the Whistle-blower's Act and failed to present evidence to refute the Sheriff's Office's legitimate, non-retaliatory reason for discharging him. This appeal followed.
"The standard of review for a summary judgment is de novo." Garcia v. First Cmty. Ins., 241 So.3d 254, 256 (Fla. 3d DCA 2018) (citing Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000) ).
The burden-shifting framework established in McDonnell Douglas [3] applies to claims under the Whistle-blower's Act. Rustowicz v. N. Broward Hosp. Dist., 174 So.3d 414, 419 (Fla. 4th DCA 2015). "To establish a prima facie claim for retaliation under Florida's Whistle-blower Act, *932 sections 112.3187 - 112.31895, Florida Statutes (2007), a plaintiff must demonstrate: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal relation between the two events." Fla. Dep't of Children & Families v. Shapiro, 68 So.3d 298, 305-06 (Fla. 4th DCA 2011) (citing Rice-Lamar v. City of Fort Lauderdale , 853 So.2d 1125, 1132-33 (Fla. 4th DCA 2003) ). "Once the prima facie case is established, the employer [has the burden to] proffer a legitimate, non-retaliatory reason for the adverse employment action." Rice-Lamar, 853 So.2d at 1133. "The plaintiff [then] bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct." Id. Because the plaintiff bears the ultimate burden of proving pretext, an employer is entitled to a summary judgment where it proffers a legitimate, non-retaliatory reason for the adverse employment action and the plaintiff fails to come forward with evidence inconsistent with the proffered reason. See Valenzuela v. GlobeGround N. Am., LLC, 18 So.3d 17, 25-26 (Fla. 3d DCA 2009).
In this case, we conclude that the Sheriff's Office produced a legitimate, non-retaliatory reason for firing Griffin, i.e., that he was discharged after an independent investigation confirmed employment-related misconduct.[4] The evidence presented indicated that Griffin had been initially investigated for lying to a judge and later for breaching his confidentiality agreement. Six different people were interviewed during the investigation, a recommendation for dismissal was made, and the recommendation was reviewed and accepted by six members of the Sheriff's Office not involved in Deloach's investigation of Griffin. Thus, the Sheriff's Office established a legitimate, non-retaliatory reason for the adverse employment action.
Griffin argues that the Sheriff's Office reached the wrong conclusion after the investigation, therefore an issue of material fact exists for jury consideration. However, a factually incorrect result after an employer's investigation does not, by itself, create a disputed factual issue, nor is it evidence of a pretext on the part of the Sheriff's Office. See Burley v. Nat'l Passenger Rail Corp., 801 F.3d 290 (D.C. Cir. 2015). Instead, a plaintiff must show that the employer is "making up or lying about the underlying facts that formed the predicate for the employment decision," the employer is egregiously wrong in its factual findings, or the "employer's investigation ... is so unsystematic and incomplete that a [jury] could conclude that the employer sought, not to discover the truth, but to cover up its own [prohibited conduct]." Id. at 296. We have thoroughly reviewed the record and conclude that none of the evidence relied upon by Griffin meets this criteria.
Therefore, we affirm the final summary judgment.
COHEN, C.J., and EDWARDS, J., concur.

We set forth the facts in the light most favorable to Griffin, the nonmoving party. See Delandro v. Am.'s Mortg. Servicing, Inc., 674 So.2d 184, 186 (Fla. 3d DCA 1996) (citing Moore v. Morris , 475 So.2d 666, 668 (Fla. 1985) ).

The record on appeal does not include a transcript of the hearing.

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Since we affirm on the issue of pretext, we do not reach the effect of the Supreme Court's ruling in University of Texas Southwestern Medical Center v. Nassar, 570 U.S. 338, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013), on the proper standard of causation in claims brought under the Whistle-blower's Act.