DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROY A. DANFORTH, DIANE MARIE DANFORTH,**
and **RYAN DANFORTH,**
Appellants,

v.

**JAMAICA BAY EAST MANAGEMENT CO., INC.,** a Florida corporation
d/b/a **PARADISE VILLAGE,**
Appellee.

No. 4D19-1440

[September 30, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE16008814.

Matthew W. Dietz of Disability Independence Group, Inc., Miami, for appellants.

Jeffrey M. Hearne of Legal Services of Greater Miami, Inc., Miami, Michelle Trunkett of Florida Rural Legal Services, Inc., Fort Myers, Katherine Hanson of Disability Rights Florida, Tallahassee, and Angel Eason of Legal Services of North Florida, Tallahassee, for Amicus Curiae The Housing Umbrella Group of Florida Legal Services, Inc.

Paul B. Ranis and Caran Rothchild of Greenberg Traurig, P.A., Fort Lauderdale, for appellee.

CURLEY, G. JOSEPH, Associate Judge.

Appellants Roy, Diane, and Ryan Danforth (collectively, "the Danforths") appeal from the trial court's final order granting summary judgment as to Counts I and II of their counterclaim in favor of Jamaica Bay East Management Co., Inc. ("Jamaica Bay"). We reverse and remand for further proceedings.

***Facts***

Roy and Diane Danforth lived in a residential manufactured home park called Paradise Village, owned and operated by Jamaica Bay East Management Co., Inc. Their son, Ryan Danforth ("Ryan"), 27 years old, lived with them. Ryan was diagnosed with autism spectrum disorder in 2014. The Danforths proffered that Ryan's psychological evaluation indicates that "[a]utistic individuals often do not experience their emotions until they are already erupting . . . [where] emotions such as anger, sadness and even joy are not experienced until they are escalated."

On October 9, 2015, Ryan was involved in an incident with the management office. Ryan parked his car along a fence on the north side of the office, clubhouse, and pool area. A note left on Ryan's car informed him that if his car was not moved due to tree trimming, it would be towed at his expense. Ryan moved the car to another spot but along the same row, so a tow truck came to remove the car. Ryan could not understand why the car was being towed after he had moved the car as instructed by the note. Seeking an explanation, he banged loudly on the office door, which was locked for the lunch hour, swore, and allegedly threatened the people inside the office. Both Ryan and the people in the office called the police.

On October 21, 2015, the Danforths received a lease termination notice, notifying them that their lease was terminated because Ryan's incident resulted in a violation of the lease. At this time, Jamaica Bay claimed not to know which of the Danforth sons was involved in the incident.

The Danforths retained an attorney who spoke with Jamaica Bay's attorney on October 29, 2015, to discuss possibilities of resolving the matter. Their discussion included potential removal of Ryan Danforth and reimbursement for legal fees and costs. They also discussed that it was standard practice for Jamaica Bay, and in its policies and procedures, to file a written stipulated settlement agreement with the court. Jamaica Bay proposed to file, but not serve, a complaint for eviction and thereafter file the settlement stipulation with the court. Although the Danforths' attorney did not raise any issue with these methods, he also did not agree to them.

On October 30, 2015, Jamaica Bay's attorney sent a draft stipulation of settlement, which included the permanent removal of Ryan Danforth. Also on October 30, the Danforths delivered a letter to Jamaica Bay's attorney which stated that Ryan had been diagnosed with autism

spectrum disorder and requested reasonable accommodations for him to continue living in Paradise Village.

On November 6, 2015, Jamaica Bay's attorney sent to the Danforths' attorney a revised settlement offer which would have allowed Ryan to stay, but with automatic and immediate eviction should any future violations occur from any Danforth family member. The email sent with the settlement offer stated that the offer would remain open until the end of the week.

Three days later, on November 9, 2015, Jamaica Bay filed a complaint for tenant eviction. The Danforths filed an answer, affirmative defense and counterclaim under the Fair Housing Act, 42 U.S.C. § 3504, asserting Count I for intentional disability discrimination and Count II for refusal to make reasonable accommodations for a disability.

Jamaica Bay filed motions for summary judgment on the Danforths' counterclaims, believing the Danforths had not sufficiently established either claim. Following a hearing, the trial court granted summary judgment on Count I, but denied summary judgment on Count II. In a later hearing, the trial court granted summary judgment on Count II, finding that the Danforths failed to prove that they timely and properly requested a reasonable accommodation.

### *Analysis*

On appeal, the granting of a motion for summary judgment is reviewed de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c); *MacClatchey v. HCA Health Serv. of Fla., Inc.*, 139 So. 3d 970 (Fla. 4th DCA 2014). Moreover, we have further explained:

> When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action. *See Publix Super Mkts., Inc. v. Schmidt*, 509 So. 2d 977 (Fla. 4th DCA 1987). *Rather, the court's function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, "the nonexistence of a genuine issue of a material fact." Besco USA Int'l Corp. v. Home Sav. of Am. FSB*, 675 So. 2d 687, 688 (Fla. 5th DCA 1996). If the record reflects even the possibility of a material issue of fact, or if different

inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party. *See id.*

*Winston Park, Ltd. v. City of Coconut Creek*, 872 So. 2d 415, 418 (Fla. 4th DCA 2004) (emphasis added).

"The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985). If the evidence is conflicting or could permit different reasonable inferences, it should be submitted to the jury as a question of fact. *See id.*

The learned trial court perceived no genuine issue of material fact and granted summary judgment as a matter of law. In this case, questions of fact as to the reasonableness of the association's actions and accommodations remain. The Danforths asked for an accommodation for Ryan, which was met with a provision that all family members could be evicted for any violation. Jamaica Bay asserted that it was reasonable for them to evict the entire family because the Danforths refused to agree that they would be subject to being immediately and summarily evicted for any violation in the future. It is uniquely a fact issue to determine whether this proposal offered a reasonable accommodation free of discriminatory animus in these circumstances.

Jamaica Bay also argued it did not know that Ryan suffered from a disability until after it acted to evict, which it asserts prevents any ability to claim that its actions were motivated at the material times by a discriminatory animus. The Danforths countered that Jamaica Bay was provided written notice requesting accommodation on October 30, 2015, before any potential court eviction, and that Jamaica Bay responded by offering an unreasonable proposal adverse to all of the Danforths. In addition to the factual determination of whether a reasonable accommodation was offered, the circumstances here also present fact issues as to whether notice of a disability and a request for accommodation were given before the adverse actions were taken by Jamaica Bay.

### *Conclusion*

The issues here present questions of fact, the inferences from which must be drawn in favor of the Danforths, as the counterclaim plaintiffs, on Jamaica Bay's motion for summary judgment. Because material

4

questions of fact remain, we reverse the summary final judgment on Counts I and II of the Danforths' counterclaim, and remand this cause for further proceedings consistent herewith.

*Reversed and remanded.*

GROSS and KUNTZ, JJ., concur.

*　　　*　　　*

**Not final until disposition of timely filed motion for rehearing.**